Commonwealth *v.* Richman, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Benjamin Lerner,* Defender, for appellant.

*Martin L. Trichon, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., February 2, 1976:

Appeal is taken to this Court from judgment of sentence rendered by Judge DOTY following non-jury trial and adjudication of guilt on charges of burglary and rape by Judge GRIFFITH. A previous appeal resulted in our affirming per curiam the judgment of sentence — *Commonwealth v. Richman,* 221 Pa. Superior Ct. 717, 288 A.2d 540 (1972). Allocatur was granted by the Supreme Court, which stated, at 458 Pa. 167, 175-176, 320 A.2d 351, 355 (1974):

"While testimony during the suppression hearing suggests strongly that there may have been an inde-

pendent basis for the in-court identification, the hearing court, having concluded that the lineup procedure was not tainted, did not make a specific finding on this issue. (Case citations omitted.) We therefore, remand the record to the lower court for a resolution of this issue."

The Supreme Court decision is under date of May 22, 1974. Judge DOTY, on October 9, 1974, conducted an evidentiary hearing to determine if the in-court identification had an independent basis. Appellant now alleges violation of *Pennsylvania Rule of Criminal Procedure* 1100(e) in that this hearing was not held within ninety days of the relevant Supreme Court Opinion, and insufficiency of the evidence to support independent basis for the in-court identification.

Rule 1100(e) on October 9, 1974 provided that "a new trial shall commence within a period of ninety (90) days after the entry of an order by the trial court or an appellate court granting a new trial." There is no question that more than 90 days passed following filing of the Supreme Court Opinion remanding appellant's case. Thus appellant now presents a narrow question of first impression — whether "Rule 1100. Prompt Trial" applies a time limit upon the hearing court following an order remanding for an evidentiary hearing. It is the stated purpose of Rule 1100 that it was promulgated so as to alleviate the backlog on court calendars by which some criminal defendants were suffering an abridgement of their Sixth and Fourteenth Amendment right to a speedy trial. *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972) called attention to the problem of a six-year period of inaction by the Commonwealth between the lodging of a detainer and the defendant's petition to dismiss the indictment. The Court carefully pointed out that this delay prejudiced the defendant, and remained an opprobrium to any similarly situated defendant even though he may have been released on bail. The Court concluded that a balancing of the facts of each case, in-

dividually, was not the answer; consequently it opted for a mandatory time limit. Thus was met the problem of inaction prior to trial. Section (e) of the Rule places new trials within a time frame, because of a need for prompt determination of the merits of the case. In the instant case no new trial was ordered. Moreover an evidentiary hearing is not a new trial. Certain differences are inherent, in that an evidentiary hearing inquires into only one phase of the case and does not address itself to the merits. The full panoply of witnesses need not be present at the hearing. Rule 1100 was not intended to apply to such hearings, and the *Hamilton, supra,* case did not indicate any special urgency for holding evidentiary hearings. Nor do we believe that urgency is constitutionally mandated. Therefore we hold that evidentiary hearings are not within the ambit of Rule 1100.[1]

We find no support for appellant's second contention, i.e., that the evidence does not support a finding of independent basis for the rape victim's in-court identification. Complainant testified that she spoke to appellant at the door of her residence for a few minutes, that she saw appellant for approximately fifteen minutes during the act of rape, that the lighting was good at all times, and that she was not influenced by anything at any time to change her positive state of mind that appellant was the perpetrator of the crime. The trial judge found her testimony credible. We agree that the evidence is clearly ample to support the adjudication. *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed.2d 1149 (1967) and *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972).

Judgment of sentence affirmed.

---

1. Evidentiary hearings must be held within a reasonable time. The issue raised here is that the hearing must be held within 90 days of the order of an appellate court. No issue is raised as to whether or not the evidentiary hearing was held after an unreasonable length of time.