Commonwealth *v.* Hutson, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Andrea Commaker Levin* and *John W. Packel,* Assistant Defenders, and *Benjamin Lerner*, Defender, for appellant.

*Daniel P. McElhatton, Mark Sendrow,* and *Steven H.*

*Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY· CERCONE, J., April 22, 1976:

On March 14, 1974 a complaint was filed against appellant charging him with robbery, theft, receiving stolen property and conspiracy. On January 14, 1975, 306 days later, appellant moved to dismiss the charges pursuant to Pennsylvania Rules of Criminal Procedure, Rule 1100(a)(1). Such rule provides that cases in which complaints are filed between June 30, 1973, and July 1, 1974, must be brought to trial within 270 days. On February 19, 1975 the Commonwealth filed a petition for continuance pursuant to Rule 1100(c). After a hearing, on February 20, 1975, appellant's motion for dismissal was denied and the Commonwealth's request for a continuance was granted. On April 9, 1975 appellant was tried in a non-jury trial and found guilty of theft. Post-verdict motions were then filed raising solely the issue of whether appellant's motion to dismiss pursuant to Rule 1100(a)(1) was improperly denied. The judge hearing the post-verdict motions would not consider the Rule 1100 issue because of the Philadelphia Board of Judges' unwritten policy which precludes a trial judge from considering in post-verdict motions a Rule 1100 issue which was previously decided by another trial judge. Appellant now appeals to this court challenging the Philadelphia Board of Judges' policy which prohibited him from raising the Rule 1100 issue in post-verdict motions.

Pa. R. Crim. P., Rule 1123(a) states: "Within seven (7) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment." In such motions a defendant must raise all issues which he wishes to raise on appeal.[1] The purpose

---

1. See Pa. R. Crim. P., Rule 1123(c); *Commonwealth v. Ash,* 461 Pa. 670, 337 A.2d 821 (1975); *Commonwealth v. Reid,* 458 Pa. 357

of this procedure was enunciated in *Commonwealth v. Coleman*, 458 Pa. 324, 325 (1974): "Post-verdict motions serve the dual function of allowing the trial court to rectify errors which may have been committed at trial, and of framing and clarifying the issues to be considered should there be an appeal." The policy of the Philadelphia Board of Judges contravenes the above procedure; and, therefore, if there exists authority which would permit a trial judge to consider Rule 1100 issues in post-verdict motions, the issues must then be considered.

Such authority can be found in Pa. R. Crim. P., Rule 1123 and the comments thereto. Rule 1123(e) states: "The trial judge shall determine whether post-verdict motions shall be argued before himself alone or before a panel sitting as a court en banc.... Whenever the trial judge hears the motions alone, he may make any rulings that could be made by court en banc." In that a court en banc has authority to rehear and, if necessary, reverse pre-trial rulings made by trial judges, *Commonwealth v. Bonser*, 215 Pa. Superior Ct. 452 (1969), it follows that a trial judge sitting alone also has such power.

Therefore we hold that the Philadelphia Board of Judges policy which prohibited appellant from raising the Rule 1100 issue in his post-verdict motions violates the mandates of our Supreme Court. Accordingly, this case is remanded to the lower court for consideration and disposition of defendant's post-verdict motion relating to the Rule 1100 issue, in accordance with this opinion.

DISSENTING OPINION BY PRICE, J.:

I dissent for the reasons I have set forth in my dissenting opinion in *Commonwealth v. Smith*, 240 Pa. Superior Ct. 212, 220, 361 A.2d 862 (1976).

The petition of the Commonwealth and the opinion of

---

(1974); *Commonwealth v. Agie*, 449 Pa. 187 (1972); and *Commonwealth v. Bittner*, 441 Pa. 216 (1971).

the lower court do not establish the Commonwealth's due diligence as required by Rule 1100, and indeed the opinion specifically assigns the unavailability of a courtroom as the reason for the exclusion of time.

The appellant raises this issue of Rule 1100 in his post-trial motions and has thus properly preserved this point for appeal. The error of the trial judge in deferring to the suppression judge does not affect the validity of the issue before us. And where the docket entries and record before us are clear that Rule 1100 has not been complied with, a remand as proposed by the majority serves no useful purpose and, indeed, is not in the best interests of judicial economy.

A further reason exists in this appeal for reversal. The Commonwealth's petition was not filed until February 19, 1975, clearly more than 270 days from the date of the complaint. There is only one possible continuance chargeable to appellant which because it was for less than 30 days is not excludable. Rule 1100(c) is clear that the Commonwealth's petition to extend time must be filed "At any time prior to the expiration of the period for commencement of trial...."

I specifically note my agreement with the majority that the Philadelphia Board of Judges' policy discussed is improper as a violation of the law of this Commonwealth as pronounced by our Supreme Court.

The judgment of sentence must be reversed and appellant discharged.

SPAETH, J., joins in this dissenting opinion.