368 A.2d 765
COMMONWEALTH of Pennsylvania
v.
Roger BEAN, Appellant.

Superior Court of Pennsylvania.
Submitted Feb. 17, 1976.
Decided Dec. 15, 1976.

Henry S. Perkin, Allentown, for appellant.

Richard J. Orloski, Allentown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On December 4, 1974, after trial by jury, appellant Roger Bean was found guilty of indecent assault. Timely post trial motions were argued and denied, and appellant was sentenced to pay the costs of prosecution and to undergo imprisonment in the Lehigh County Prison for a term of six months to two years. Appeal was taken from the judgment of sentence imposed September 30, 1975.

The appellant first argues that the Commonwealth failed to file an answer to appellant's application to quash indictment within seven days of being served with that application, and that the Commonwealth, by reason of Pennsylvania Rule of Criminal Procedure 308(a),[1] must be deemed to have admitted the "well pleaded facts" of appellant's application. Appellant's reliance on Rule 308 is misplaced. Although Rule 308 is applicable generally to answers to pretrial applications for relief, it does not apply to answers to applications for dismissal for violation of Rule 1100. This becomes apparent when it is understood that Rule 305 provides that pretrial applications for relief must be filed at least ten days before trial, while Rule 1100 provides that applications for relief under Rule 1100 may be filed at any time before trial. Since Rule 305, which deals with pretrial applications for relief, is inapplicable to Rule 1100 situa-

---

1. Rule 308. *Answers to Pretrial Applications*
      (a) Answers may be filed not later than seven days after service of the pretrial application, except for good cause shown. Failure to answer shall be deemed an admission of the well pleaded facts averred in the application.

tions, it logically follows that Rule 308, which deals with *answers* to pretrial applications for relief, is also inapplicable. Section (f) of Rule 1100 provides that a copy of an application for relief under Rule 1100 shall be served on the attorney for the Commonwealth, who shall have the right to be heard thereon. In the case before us, the District Attorney was served on the day set for trial with a copy of the application. The lower court judge that day issued a rule to show cause why the indictment should not be quashed, to which the District Attorney filed an answer. A hearing was held on October 31, 1974, and the lower court the same day filed an Order denying appellant's application. We find that the Commonwealth was not tardy in answering appellant's application and should not be deemed to have admitted the facts of appellant's application. It would be quite inconsistent to provide the attorney for the Commonwealth with the right to be heard on an application to dismiss and then foreclose that right because an answer had not been filed within seven days.

Appellant's second argument is that the Commonwealth failed to comply with Rule 1100 by not bringing appellant to trial within 270 days of the filing of the complaint. We find that, properly excluding from the delay period two continuances granted at the request of appellant and his attorney, trial was commenced within the required period. Since the complaint charging appellant with indecent assault was filed on November 2, 1973, and the case was not listed for trial until September 27, 1974, a total of 329 days passed, or 59 days more than were permitted by the rules in effect at the time. The lower court, however, determined at the hearing of October 31, 1974, that two continuances (totaling, by our calculations, 94 days) had been granted at the request of appellant and his attorney. The lower court accordingly denied appellant's application for dismissal. We find that under Section (d)(2) of Rule 1100, all but 30 of

these 94 days must be excluded from the period of delay. Subtracting 64 from 329 days leaves 265 days of delay. Appellant was properly tried within the period of time mandated by Rule 1100.

■ Appellant's final argument is that the trial court erred in refusing to read to the jury the following point for charge:

"Ladies and gentlemen, when you consider the prosecutions' [sic] testimony concerning the defendant's identity you must consider any prior inconsistent statements made by the identifying witness. If you find them contradictory, you must return a verdict of not guilty."

The trial court was clearly correct in refusing to so instruct the jury. When testimony of a witness varies from an earlier statement made by that witness, the discrepancy may affect the witness's credibility, but it does not require an instruction that the jury disbelieve the witness. *Commonwealth v. Alessio,* 313 Pa. 537, 544, 169 A. 764 (1934); *Commonwealth v. Bartell,* 184 Pa.Super. 528, 537, 136 A.2d 166 (1957). The witness's explanation of his inconsistent statement is for the jury's consideration but does not affect the admissibility of the testimony. *Commonwealth v. Westwood,* 324 Pa. 289, 300, 188 A. 304 (1930).

Judgment affirmed.

HOFFMAN, J., files a dissenting opinion in which SPAETH, J., joins.

PRICE, J., dissents.

HOFFMAN, Judge, dissenting:

Appellant contends that he should be discharged pursuant to Rule 1100(f), Pa.R.Crim.P., because he was not brought to trial until 329 days after the issuance of the criminal complaint, 59 days after the relevant time period had expired. Rule 1100(a)(1), Pa.R.Crim.P.

The parties agree upon several relevant facts: a criminal complaint was issued on November 2, 1973, charging appellant with indecent assault. He was arrested on December 3, at which time a preliminary hearing was scheduled for December 10. See Rule 140(f)(1), Pa.R. Crim.P. On December 10, the preliminary hearing was continued. The parties disagree about who moved for the continuance: the Commonwealth alleges that the continuance was at the request of defense counsel; the appellant states that the hearing was continued for "some unknown reason." The lower court, however, found as follows: "December 10, 1973—first preliminary hearing —defendant requested a continuance because illness." The hearing was rescheduled for February 5, 1974, but was again postponed at that time. The Commonwealth refers to the postponement as a continuance. Appellant alleges that he "at that time asked for a one or two day continuance." Again, the lower court found that "hearing rescheduled from December 10—defendant rescheduled another continuance because of unavailability of counsel." Once again, the hearing was rescheduled, for March 14, 1974, and again, it was continued, in this instance, because the victim was ill and could not attend. Finally, the hearing was held on May 8, 1974.

Trial was scheduled for the September Term, 1974, beyond the 270 day period. Prior to trial, on September 27, 1974, appellant filed a motion to quash the indictment.[1] The court denied the motion on October 31, 1974. Appellant was subsequently convicted of indecent assault. This appeal followed the denial of post-trial motions.

1. The Commonwealth argues in its brief that technically appellant did not file the petition prior to trial because he filed it with the trial court after the calendar judge had directed the parties to proceed to voir dire before the trial court. See Rule 1100(b) and the Comment to Rule 1100, Pa.R.Crim.P. I believe that the petition was timely filed. See Rules 304, 305, 310, Pa.R.Crim.P.; cf. Rule 323, Pa.R.Crim.P. Cf. *Commonwealth v. Robinson*, 238 Pa. Super. 508, 362 A.2d 1005 (filed March 29, 1976) (Concurring opinion by PRICE, J.)

Although Rule 1100 has produced copious litigation,[2] my research reveals no case directly on point. I believe that the question posed by appellant—whether he is entitled to discharge because the extensive delay before his preliminary hearing is not chargeable to him—can be answered solely by reference to the Rule.

Rule 1100(d) provides that "[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

"(1) the unavailability of the defendant or his attorney;

"(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." If the delay is excluded under Rule 1100(d), the Commonwealth need not petition to extend the period; the period is extended automatically. Cf. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (filed October 8, 1976); *Commonwealth v. Cutillo*, 235 Pa.Super. 131, 339 A.2d 123 (1975); compare Rule 1100(c), Pa.R.Crim.P., with Rule 1100(f), Pa.R.Crim.P. The Commonwealth is permitted to raise an argument that the accused caused the delay in its answer to a petition under Rule 1100(f), Pa.R.Crim.P.

In the instant case, the Commonwealth contends that the delay from December 10, 1973, until March 14, 1974,

2. See, e. g., *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (filed May 5, 1976); *Commonwealth v. Bunch*, 466 Pa. 22, 351 A.2d 284 (1976); *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975); *Commonwealth v. Hutson*, 240 Pa.Super. 245, 363 A.2d 784 (filed April 22, 1976); *Commonwealth v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (filed March 29, 1976); *Commonwealth v. Silver*, 238 Pa.Super. 221, 357 A.2d 612 (filed February 2, 1976); *Commonwealth v. Richman*, 238 Pa.Super. 418, 357 A.2d 585 (filed February 2, 1976); *Commonwealth v. Cutillo*, 235 Pa.Super. 131, 339 A.2d 123 (1975); *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975); *Commonwealth v. Eller*, 232 Pa.Super. 99, 332 A.2d 507 (1975).

was caused by appellant and that this period of time—94 days—should be excluded from the time between the complaint and trial. Therefore, according to the Commonwealth, only 235 days elapsed from the time of the filing of the complaint until the case was tried. At the same time, the Commonwealth argues that both postponements were the result of appellant's requests for *continuances*.

The lower court referred to the early delays as the result of two continuances. In its brief, while the Commonwealth argues that they were continuances, it also refers to the periods of delay as resulting from the *unavailability* of appellant and his counsel. Arguably, the instant case would thereby be controlled by Rule 1100(d)(1), which provides "[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

"(1) the unavailability of the defendant or his attorney."

Appellant and his counsel asked for two continuances, apparently because of unavailability. I find no bright line between a continuance—especially if the continuance is requested because of unavailability—and a delay caused by unavailability. The Comment to Rule 1100 provides that "[f]or purposes of subparagraph (d)(1), in addition to any other circumstances precluding the availability of the defendant or his attorney, the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence; or during which he contested extradition, or a responding jurisdiction delayed or refused to grant extradition or during which the defendant was physically or mentally incompetent to proceed; or during which the defendant was absent under compulsory process requiring his appearance elsewhere in connection with other

judicial proceedings." I read the Comment to mean that an accused is unavailable if the court does not have jurisdiction to proceed against him, as opposed to a situation in which a court has discretion to grant or deny a continuance. See *Commonwealth v. Reese,* 237 Pa.Super. 326, 352 A.2d 143 (1975).

The lower court specifically found that delay occurred because first the appellant and then his attorney was unavailable. Assuming that an accused is unavailable on the date of a hearing, I do not believe that the Commonwealth can delay indefinitely before rescheduling a hearing and then argue that the entire period should be charged against the accused. Cf. *Commonwealth v. Wade,* 240 Pa.Super. 454, 360 A.2d 752 (1976); *Commonwealth v. Adams,* 237 Pa.Super. 452, 352 A.2d 97 (1976). Unless counsel agrees to a specific time period, *Commonwealth v. Hickson,* supra, I believe that the total time chargeable against an accused is only the specific number of days during which he is unavailable. See *Commonwealth v. Reese,* supra. This view is bolstered by the Comment, which provides that an accused is unavailable for that period during which, for example, he cannot be located or during which he is on trial. The Comment does not suggest that additional time may be excluded if, once the defendant is available, the case cannot be scheduled expeditiously.

Therefore, I would reverse the judgment of sentence and order appellant discharged.

SPAETH, J., joins in this dissenting opinion.