**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Thomas Ray ANDERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 2009.

Filed April 21, 2010.

Michael B. Bogush, Clarion, for appellant.

Mark T. Aaron, Assistant District Attorney and Jarah L. Heeter, Assistant District Attorney, Clarion, for Commonwealth, appellee.

BEFORE: MUSMANNO, GANTMAN, and COLVILLE *, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Thomas Ray Anderson, appeals from the order entered after remand in the Clarion County Court of Common Pleas, which denied after remand his petition filed pursuant to the Post Convic-

* Retired Senior Judge assigned to the Superior Court.

tion Relief Act ("PCRA").[1] We hold Appellant failed to establish the Commonwealth breached the plea agreement. We also hold Pa.R.Crim.P. 600(D)(1)–(2) does not apply in the context of a remand for a PCRA evidentiary hearing. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this case are as follows. On March 22, 2005, Appellant led the Pennsylvania State Police on a high speed chase eastbound on Interstate I–80 and then northbound on State Route 60, reaching speeds in excess of one hundred (100) miles per hour. At some point Appellant lost control of his vehicle, after driving over a spike strip deployed by police officers. Appellant fled the scene on foot; however, police eventually apprehended him. On June 10, 2005, the Commonwealth charged Appellant with aggravated assault, simple assault, recklessly endangering another person ("REAP"), fleeing or attempting to elude a police officer, two counts of possession of drug paraphernalia, possession of marijuana, and thirty (30) summary offenses.

¶ 3 As the case progressed, the Commonwealth and the defense attempted to negotiate a plea agreement. On June 15, 2005, the Commonwealth offered Appellant a plea agreement, whereby Appellant would plead guilty to aggravated assault, REAP, fleeing or attempting to elude a police officer, reckless driving, and driving under suspension, open as to sentencing, and the Commonwealth would ask the court to enter *nolle prosequi* on the remaining charges. Appellant did not accept the Commonwealth's offer.

¶ 4 On July 27, 2005, the Commonwealth offered a second plea agreement, whereby Appellant would plead guilty to the same charges listed in the first plea offer; the Commonwealth would recommend a sentence within the standard sentencing guideline range, leaving the court to decide whether to run Appellant's sentences consecutively or concurrently; and the Commonwealth would ask the court to enter *nolle prosequi* on the remaining charges. Appellant rejected this offer as well.

¶ 5 On August 31, 2005, Appellant appeared before the court and stated that he did not accept the Commonwealth's plea offers and wanted to proceed to trial. Thereafter, the court entered an order scheduling a pre-trial conference for September 9, 2005, and jury selection for September 19, 2005.

¶ 6 On September 8, 2005, Appellant's plea counsel informed the court that Appellant had changed his mind and wanted to accept the Commonwealth's second plea offer. The next day, plea counsel and counsel for the Commonwealth met with the court in chambers to discuss Appellant's request. The parties presented the court with an updated Conference Report form, signed by the attorneys on that date, explaining that Appellant would accept the Commonwealth's July 27, 2005 offer—Appellant would plead guilty to aggravated assault, REAP, fleeing or attempting to elude a police officer, reckless driving, and driving under suspension; and the Commonwealth would recommend a sentence within the standard sentencing guideline range, leaving the court to decide whether to run Appellant's sentences consecutively or concurrently. The Commonwealth would ask the court to enter *nolle prosequi* on the remaining charges. Plea counsel explained that Appellant had decided to accept the Commonwealth's second plea offer because he had been charged with statutory sexual assault in an unrelated case and wanted to dispose of all charges

1. 42 Pa.C.S.A. §§ 9541–9546.

against him in both cases at the same time. The court agreed to accept the plea only if the plea were completely open as to sentencing, not necessarily in the standard sentencing guideline range.

¶ 7 Immediately following the in-chambers conference, the parties proceeded to Appellant's plea hearing. Prior to accepting Appellant's plea, the court conducted an on-the-record colloquy to confirm Appellant's plea was knowingly, voluntarily, and intelligently entered. Additionally, the court explained: "... I'm only accepting this as what we call an open plea, so there's no agreement as to what sentence you'll receive. Do you understand?" (N.T. Plea Hearing, 9/9/05, at 14). Appellant responded affirmatively and entered his plea. Appellant also completed and signed a written plea colloquy. The court accepted the plea and ordered a pre-sentence investigation ("PSI") report.

¶ 8 On September 28, 2005, the court held Appellant's sentencing hearing in this case, plus sentencing on an unrelated parole/probation violation, and on an unrelated statutory sexual assault charge. At the hearing, sentencing counsel[2] argued for leniency. In response, the Commonwealth began to discuss the serious nature of Appellant's crimes. During the Commonwealth's argument, sentencing counsel stated: "I hate to interrupt but as part of the pleas you guys did agree to stand silent on sentencing." (N.T. Sentencing, 9/28/05, at 17). The Commonwealth responded that it agreed to stand silent only with respect to Appellant's statutory sexual assault charge. Sentencing counsel then referred to two notes written by plea counsel in Appellant's file which indicated that the Commonwealth agreed to stand silent at sentencing. The Commonwealth reminded sentencing counsel and the court that such an agreement was not mentioned on the Conference Report form, but that if sentencing counsel would insist the Commonwealth stand silent, then counsel should move to withdraw Appellant's plea and let the case proceed to trial. Sentencing counsel acquiesced and allowed the Commonwealth to proceed with its argument, declining to withdraw Appellant's plea. The Commonwealth recommended a sentence solely in this case; as to sentencing on all other unrelated offenses, the Commonwealth stood silent.

¶ 9 The court subsequently sentenced Appellant to eighteen (18) to thirty-six (36) months' incarceration on the aggravated assault charge, six (6) to twelve (12) months' incarceration on the REAP charge, and two (2) to four (4) months' incarceration on the fleeing or attempting to elude a police officer charge, to run concurrently, for an aggregate term of eighteen (18) to thirty-six (36) months' incarceration. On the unrelated statutory sexual assault offense, the court sentenced Appellant to eighteen (18) to thirty-six (36) months' incarceration, to run consecutive to the sentence in this plea case, for a total aggregate term of thirty-six (36) to seventy-two (72) months' incarceration.

¶ 10 On October 10, 2005, Appellant filed a post-sentence motion requesting modification of sentence, due to several mitigating factors in his case. Significantly, however, Appellant's motion did not assert that the Commonwealth had breached its plea agreement or even mention the discussion between counsel at sentencing. On October 13, 2005, the court denied Ap-

2. Appellant was represented by plea counsel at the September 9th in-chambers conference and the plea hearing; different counsel represented Appellant at the subsequent sentencing hearing. Likewise, the Commonwealth was represented by different district attorneys at the conference/plea hearing and at sentencing.

pellant's motion. Appellant did not file a direct appeal.

¶ 11 On September 21, 2006, Appellant timely filed a *pro se* PCRA petition. On September 26, 2006, the court appointed PCRA counsel. On September 17, 2007, PCRA counsel moved to withdraw his appearance and filed a *Turner/Finley*[3] no-merit letter. The next day, the court served notice of its intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and the court denied Appellant's petition without a hearing on October 15, 2007. On October 22, 2007, Appellant timely filed a *pro se* notice of appeal.

¶ 12 Appellant raised three issues on appeal: (1) "Whether the Commonwealth's failure to stand silent at the time of sentencing of [A]ppellant [in this case] violated due process, because [A]ppellant [pled] guilty with the understanding that the Commonwealth would stand silent at sentencing for his entering into an open guilty plea[?]"; (2) "Whether the [trial court's] sentencing [of] [A]ppellant to (18) to (36) months [on his sexual assault charge] violated due process, because [A]ppellant [pled] guilty with the understanding that he would receive a minimum sentence within the standard [range] of the sentencing guidelines?"; and (3) "Whether all prior counsel for [A]ppellant rendered ineffective assistance in violation of the Sixth Amendment of the United States Constitution?"

¶ 13 On July 15, 2008, this Court remanded the case for further proceedings. Specifically, the panel unanimously decided the record needed further development to consider (1) whether Appellant's plea had been induced by his understanding that the Commonwealth would stand completely silent at sentencing; and (2) whether

sentencing counsel had a reasonable basis for failing to clarify the terms of the plea agreement or to seek a withdrawal of the plea based upon the Commonwealth's position at sentencing. This Court instructed the PCRA court to (1) appoint new counsel, who shall be permitted to amend, if appropriate, Appellant's *pro se* PCRA petition; and (2) hold an evidentiary hearing on Appellant's claim of breach and any other claims of arguable merit raised in that amended PCRA petition. This Court also determined Appellant's second issue lacked merit and did not consider Appellant's third issue due to its disposition. *See Commonwealth v. Anderson,* 959 A.2d 956 (Pa.Super.2008) (unpublished memorandum).

¶ 14 On August 27, 2008, the PCRA court received the remanded record. By order dated September 2, 2008, the court appointed new PCRA counsel, gave counsel sixty (60) days to file an amended petition, and if Appellant filed an amended petition, the court gave the Commonwealth twenty (20) days to respond, if it so desired. On November 3, 2008, current PCRA counsel filed an amended petition. By order dated November 25, 2008 and entered December 8, 2008, the court scheduled an evidentiary hearing for February 9, 2009, and ordered transport of Appellant for the hearing.

¶ 15 The hearing on the amended petition proceeded on February 9, 2009. On February 17, 2009, the PCRA court denied relief. On March 16, 2009, Appellant timely filed his notice of appeal. On March 18, 2009, the court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on April 1, 2009.

---

3. *See Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Fin-* *ley,* 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*).

¶ 16 Appellant raises the following issues for our review:

WHETHER THE PCRA COURT ERRED IN DETERMINING THAT ... APPELLANT'S PLEA OF GUILTY WAS NOT UNLAWFULLY INDUCED AND INVOLUNTARY BASED UPON THE UNDERSTANDING OF THE PLEA AGREEMENT BY ... APPELLANT AS CONVEYED BY [PLEA] COUNSEL, THE CONDUCT OF THE COMMONWEALTH IN VIOLATING THE PLEA AGREEMENT AND TRIAL COUNSEL'S INEFFECTIVE REPRESENTATION OF ... APPELLANT AT THE SENTENCING HEARING FOR FAILING TO CLARIFY THE TERMS OF THE PLEA AGREEMENT WITH ... APPELLANT, SEEK A WITHDRAWAL OF THE PLEA AND/OR FILE A POST SENTENCE MOTION ON BEHALF OF ... APPELLANT TO WITHDRAW THE PLEA.

WHETHER THE PCRA COURT ERRED IN DETERMINING THAT...APPELLANT'S CASE SHOULD NOT BE DISMISSED PURSUANT TO RULE [600](D)(2) OF THE RULES OF CRIMINAL PROCEDURE WHEN...APPELLANT'S CASE WAS NOT BROUGHT TO TRIAL WITHIN 120 DAYS OF THE DATE OF REMAND IN THE DOCKET.

(Appellant's Brief at 4).

¶ 17 Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. *Commonwealth v. Wright*, 935 A.2d 542, 544 (Pa.Super.2007). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515

(Pa.Super.2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations. *Commonwealth v. R. Johnson*, 600 Pa. 329, 356–57, 966 A.2d 523, 539 (2009).

¶ 18 In his first issue, Appellant argues it was his genuine understanding that the Commonwealth had agreed as part of the plea bargain to stand completely silent at sentencing. Appellant asserts he would not have pled guilty if he had known the Commonwealth was going to make a sentencing recommendation. Appellant relies on his testimony at the PCRA hearing that he told plea counsel he would enter a guilty plea only if the Commonwealth agreed to stand silent "because basically I could only speak on better things about myself and possibly get a lesser sentence," without the Commonwealth's opposition. After Appellant relayed this information to plea counsel, plea counsel spoke with the Commonwealth, and subsequently told Appellant the Commonwealth had agreed to stand silent. Appellant states the Commonwealth did not present any evidence at the PCRA hearing, so Appellant's testimony was essentially unopposed. Appellant also highlights the testimony at the PCRA hearing, where plea counsel stated he could not recall the circumstances of Appellant's case, but the notes in his file were consistent with an understanding that the Commonwealth would stand silent at sentencing, and the Commonwealth's agreement to stand silent would have been a "very vital part of the plea."

¶ 19 Appellant further directs our attention to the in-chambers conference prior to Appellant's plea hearing, where counsel for the Commonwealth stated: "Your Honor, this would be an open plea, and the issue of consecutive and concurrent would be totally up to the [c]ourt. The Common-

wealth would make no recommendation whatsoever at the time of sentencing. It's not contingent in any way." Appellant relies on this statement to support his proposition that the Commonwealth agreed to stand completely silent at sentencing. Appellant claims sentencing counsel's exchange with the Commonwealth at sentencing further corroborates Appellant's position that the Commonwealth had agreed to stand silent. Appellant asserts his claim of ineffective assistance of counsel has arguable merit.

¶ 20 Appellant also contends prior counsel had no reasonable basis for failing to clarify the terms of the plea agreement at the sentencing hearing, for failing to seek a withdrawal of Appellant's plea based on the conduct of the Commonwealth, or for failing to file a post-sentence motion raising this issue. Appellant suggests sentencing counsel's failure to stop the hearing to consult with Appellant and counsel's subsequent acquiescence to the Commonwealth at sentencing was improper. Appellant contends the Commonwealth's breach of its plea agreement at sentencing rendered his plea involuntary. Appellant submits there is a reasonable probability that the outcome of the proceedings would have been different but for the errors and omissions of prior counsel. Appellant concludes this Court must reverse and remand for further proceedings. We disagree.

¶ 21 Preliminary, we note Appellant's claim is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(iii); *Commonwealth v. Kroh*, 440 Pa.Super. 1, 654 A.2d 1168, 1171 n. 1 (1995) (explaining claim that defendant's guilty plea was unlawfully induced where Commonwealth breached plea agreement is cognizable under PCRA). *See also* 42 Pa.C.S.A. § 9543(a)(2)(ii); *Commonwealth v. Rathfon*, 899 A.2d 365 (Pa.Super.2006) (relating counsel's stewardship and involuntary guilty plea).

¶ 22 Pennsylvania Rule of Criminal Procedure 590 governs guilty pleas and plea agreements, and states in relevant part:

**Rule 590. Pleas and Plea Agreements**

**(A) Generally**

(1) Pleas shall be taken in open court.

(2) A defendant may plead not guilty, guilty, or, with the consent of the judge, *nolo contendere*. If the defendant refuses to plead, the judge shall enter a plea of not guilty on the defendant's behalf.

(3) The judge may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record.

**(B) Plea Agreements**

(1) When counsel for both sides have arrived at a plea agreement, **they shall state on the record in open court, in the presence of the defendant, the terms of the agreement,** unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record *in camera* and the record sealed.

(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

Pa.R.Crim.P. 590(A)–(B) (emphasis added).
[T]he guilty plea and the frequently concomitant plea bargain are valuable implements in our criminal justice system.

The disposition of criminal charges by agreement between the prosecutor and the accused, ... is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule.

*Commonwealth v. Parsons,* 969 A.2d 1259, 1267 (Pa.Super.2009) *(en banc), appeal denied,* 603 Pa. 685, 982 A.2d 1228 (2009) (quoting *Commonwealth v. Smith,* 444 Pa.Super. 652, 664 A.2d 622, 625 (1995), *appeal denied,* 544 Pa. 683, 679 A.2d 229 (1996) (internal citation omitted)).

▆▆▆ ¶ 23 "Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." *Parsons, supra* at 1268. Likewise,

> [T]here is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea. Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

*Commonwealth v. Fruehan,* 384 Pa.Super. 156, 557 A.2d 1093, 1094 (1989) (quoting *Commonwealth v. Zuber,* 466 Pa. 453, 458–59, 353 A.2d 441, 444 (1976)).

> Although a defendant has no constitutional right to have an executory plea agreement specifically enforced, once a plea actually is entered, and was induced by a prosecutor's promise to abstain from making a sentencing recommenda-

tion, that promise must be fulfilled. In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement.

*Fruehan, supra* at 1094–95 (internal citations and quotation marks omitted). Where the Commonwealth violates a term of the plea agreement, the defendant is entitled to receive the benefit of the bargain. *Commonwealth v. Potosnak,* 289 Pa.Super. 115, 432 A.2d 1078, 1081 (1981).

> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

*Kroh, supra* at 1172.

▆▆▆ ¶ 24 To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky,* 925 A.2d 876, 880 (Pa.Super.2007), *appeal denied,* 596 Pa. 707, 940 A.2d 365 (2007) (quoting *Commonwealth v. J. Johnson,* 868 A.2d 1278, 1281 (Pa.Super.2005), *appeal denied,* 583 Pa. 680, 877 A.2d 460 (2005) (internal citation omitted)). The petitioner must demonstrate: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a

reasonable probability that the outcome of the proceedings would have been different." *Id.* (internal citation omitted). "The petitioner bears the burden of proving all three prongs of the test." *Id.* (internal citation omitted).

¶ 25 "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser,* 921 A.2d 526, 531 (Pa.Super.2007) (quoting *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa.Super.2002)). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* Moreover, "[t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." *Moser, supra* at 528–29 (quoting *Commonwealth v. Yager,* 454 Pa.Super. 428, 685 A.2d 1000, 1004 (1996) (*en banc*), *appeal denied,* 549 Pa. 716, 701 A.2d 577 (1997)).

¶ 26 Instantly, at Appellant's plea hearing, plea counsel and counsel for the Commonwealth stated on the record in open court, in the presence of Appellant, the terms of the parties' plea agreement as follows:

[Commonwealth]: Your Honor, [Appellant] is before the [c]ourt to enter a guilty plea to the five charges in the file in the original information in this matter. These charges would include Count 1, aggravated assault; Count 3, [REAP]; Count 4, fleeing or eluding a police officer; Count 9, reckless driving; and Count 12, driving while operating privileges are suspended or revoked, 1543(a),

non–DUI–related. Commonwealth would ask for a *nol pros* on the remaining charges, which include possession of a small amount of marijuana and possession of drug paraphernalia as ungraded misdemeanors, and all remaining summary offenses through Count 37 of the information subject to being reinstated in the event that [Appellant] would appeal from any sentence he receives under the guilty plea.

[Court]: [Plea counsel,] anything you would say about the plea?

[Commonwealth]: I'm sorry, Judge. The simple assault, Your Honor, would merge with the aggravated assault for sentencing purposes; and therefore, the *nol pros* would include the simple assault which is Count 2 in the information. I apologize. Your Honor, this would be an open plea, and the issue of consecutive and concurrent would be totally up to the [c]ourt. The Commonwealth would make no recommendation whatsoever at the time of sentencing. **It's not contingent in any way.**

[Court]: [Plea counsel,] would you and [Appellant] come on up so we can give him an oath?

(N.T., 9/9/05, at 8–9) (emphasis added). *See* Pa.R.Crim.P. 590(B)(1). Following this exchange, the court conducted an on-the-record colloquy to confirm Appellant's plea was knowingly, voluntarily, and intelligently entered, per Rule 590(B)(2). The court subsequently accepted Appellant's plea.

¶ 27 In support of its decision to deny Appellant's PCRA petition, the trial court reasoned:

In the present case, the attorneys for the Commonwealth and [Appellant] held two Criminal Conferences; one on June [1]5, 2005 and one on July 27, 2005. The Commonwealth did not make standing

silent at sentencing a term of the plea offer that it made at the Criminal Conference held on June 15, 2005. At the Conference of July 27, 2005, the Commonwealth did not propose to stand silent at sentencing, **except on the limited issue of whether the sentences should run consecutively or concurrently.** This fact is confirmed by the written Conference Report of July 27, 2005. [Appellant] knew all the terms and conditions of the Commonwealth's last offer when he appeared before the court on August 31, 2005, his last day to enter a negotiated plea, and told the court he did not want to plead, but instead wanted a jury trial.

[Appellant] had a change of heart. He contacted his attorney shortly before the time of the pre-trial conference of September 9 and asked whether he could still take the Commonwealth's last plea offer. [Appellant] knew that the extent of the Commonwealth's agreement to remain silent was limited to consecutive versus concurrent sentences. As a result of [Appellant's] contact, [sentencing counsel] wrote on September 8, 2005 asking whether the court would accept anything other than an open plea. He did not say anything about [Appellant] wanting the Commonwealth to stand silent at sentencing. These facts establish that [Appellant] was not induced to plead guilty by an understanding that the Commonwealth would stand silent at sentencing and not make a sentence recommendation.

This conclusion is further supported by the facts that on September 9, 2005, [plea counsel] explained to the court [Appellant's] reasons for wanting to plead guilty, in that he knew he did not have a good defense and by taking a trial he would just be prolonging the inevitable. He knew he was facing a state sentence on the Statutory Sexual Assault charges ... and he wanted to dispose of all the charges at the same time so he could get started serving his sentence.

¶ 28 In addition, the discussions on September 9, 2005 about the terms of the plea in this case were all on the record. At no time did [plea counsel] or [Appellant] ask the Commonwealth to agree to stand silent altogether at sentencing or ask the court to require it to do so. All references to the Commonwealth agreeing to make no recommendations were made by [the] assistant district attorney ... and they related strictly to [the] question of consecutive and concurrent sentences. Neither [plea counsel] nor [Appellant] challenged [the Commonwealth's] rendition of the terms of the plea made during the plea hearing on September 9, 2005. To the contrary, [Appellant] stated under oath that he understood the terms and agreed to them.

From the time of the plea hearing of September 9 until the time of the sentencing hearing of September 2[8], [Appellant] made no attempt to change the terms of his guilty plea and he did not ask to withdraw the plea. At the sentencing hearing, he did not seek to withdraw his plea. Other than [sentencing counsel's] statement that [plea counsel's] notes in the Public Defender's file showed that the Commonwealth had agreed to stand silent, no mention was made of such an arrangement. It was not provided in any of the documents filed of record or in any of the statements of any counsel or of [Appellant]. [Appellant] did not raise the issue in a Post Sentence Motion or appeal or in his first *pro se* PCRA petition. [Appellant] has failed to show that the Commonwealth agreed to stand silent at sentencing ... or that he was induced by such a promise to enter into a guilty plea.

(PCRA Court Opinion, filed February 19, 2009, at 10–12).

¶ 29 Additionally, the court explained:

[On September 9, 2005, the court] told the attorneys that because [Appellant] was past his last day to enter a negotiated plea, [the court] would accept only an open plea. [The Commonwealth] volunteered to not make a recommendation concerning whether the sentences should run consecutively or concurrently, which was consistent with the last plea offer of July 27, 2005, **but that provision was not made a contingency of [Appellant] pleading guilty.**[4]

There is another fact which supports a conclusion that [Appellant] was not induced to plead guilty by the Commonwealth to stand silent. [Appellant] was in no position to bargain with the Commonwealth. His attorney disclosed to the assistant district attorney and [the court] that [Appellant] had a possible defense to the Aggravated Assault charge and essentially no defense to all the other thirty-plus charges. He had tried to avoid apprehension by the State Police in a high speed chase and the police caught him. Also, apparently he had no defense to the new Sexual Assault charges, at least none that was raised during our discussions. He was on probation in a previous case and was facing revocation and re-sentencing. All told, he knew he could not escape a lengthy State sentence. There is no reason the Commonwealth would have needed or wanted to agree to stand silent on the sentence in the present case in order to obtain a plea.

At the time [Appellant] made his guilty plea on September 9, 2005, he was a veteran of the criminal court system, having already been through court and entering pleas or being convicted in other cases. The [PSI] Report shows a criminal history including two counts of Theft by Unlawful Taking, three counts of Receiving Stolen Property[,] one count of Criminal Mischief, two counts of Possession of Drug Paraphernalia, and one count of Criminal Trespass. These charges occurred in six cases, all of which ended in pleas. [Appellant] knew what was involved in plea bargaining and what was expected by way of confirming the terms of plea agreements in open court.

At the plea hearing of September 9, 2005, [the court] explained to [Appellant] the plea was open as to punishment and there was no agreement on what the penalty might be. [The Commonwealth] again volunteered to leave the question of consecutive versus concurrent sentences up to the court, but no one, including [Appellant], mentioned any agreement or request that the Commonwealth would stand silent altogether. [Appellant] acknowledged on the record his understanding that the plea was open as to punishment and not subject to any agreement made or discussed by the attorneys. He was given an opportunity to say that [plea counsel] had told him the Commonwealth had agreed to stand silent, but he did not do so.

Because [Appellant] was well familiar with the plea bargaining process and

---

**4.** The record makes clear the Commonwealth did not make any recommendation regarding whether the court should run Appellant's aggregate sentence in this case consecutively or concurrently with his other sentences from the unrelated cases. The PCRA court emphasized that while the Commonwealth might have stated it would stand silent on the limited issue of a consecutive versus a concurrent sentence, that comment was not a term of the parties' plea agreement. We accept the PCRA court's finding. *See R. Johnson, supra; Wright, supra; Boyd, supra.*

knew his rights concerning the entry of pleas and sentencing, [Appellant] cannot now claim he did not understand or agree with the plea or that he was [misled] by the Commonwealth or by [plea counsel]. Likewise, [Appellant's] testimony at the PCRA hearing in February 2009 that he was confused at the sentencing hearing is not believable.

Another important factor is that there is no record of any agreement to stand silent. [Sentencing counsel] referred to a note in his file from [plea counsel], but otherwise neither he nor [the Commonwealth] cite any writing to confirm such an agreement. Absent something of record indicating that the attorneys agreed upon that contingency and the court had accepted it, [plea counsel's] note in the public defender's file has no effect.

Additional evidence that [Appellant] was not induced to plead guilty by a promise to remain silent is found in the fact that [sentencing counsel] did not raise the issue in a Post Sentence Motion and [Appellant] himself did not raise it in his first PCRA Petition.

(PCRA Court Opinion, filed May 6, 2009, at 9–11) (emphasis added). Using the objective standard applicable to plea bargains, the court rejected Appellant's professed interpretation as incredible, and we are bound by that determination. *See R. Johnson, supra.* Additionally, Appellant presented no evidence of record to support his claim that the Commonwealth agreed to stand completely silent at sentencing. Plea counsel's notes are not part of the certified record in this case. *See Commonwealth v. McBride,* 957 A.2d 752 (Pa.Super.2008) (stating appellate courts cannot consider anything that is not part

of record). Looking at the totality of the circumstances, the court concluded Appellant had not adequately demonstrated the Commonwealth's complete silence at sentencing was a term of the plea agreement or integral to Appellant's decision to plead guilty. *See Kroh, supra; Fruehan, supra.* The record supports the court's decision. *See Wright, supra; Boyd, supra.*

¶ 30 With respect to Appellant's related ineffective assistance of counsel claim, Appellant's failure to show the Commonwealth's silence at sentencing was part of the terms of the plea agreement causes this ineffectiveness claim to fail for lack of arguable merit. *See Turetsky, supra.* Thus, Appellant's first issue merits no relief.

 ¶ 31 In his second issue, Appellant argues the PCRA court should have granted Appellant's oral motion to dismiss his case.[5] Appellant asserts Pennsylvania Rule of Criminal Procedure 600(D)(2) states: "when an appellate court has remanded a case to the trial court, for whatever reason, trial must commence within one hundred and twenty [ (120) ] days after the remand ..." Appellant maintains that upon remand, the PCRA court failed to hold his PCRA hearing within the timeframe pronounced under this Rule. Appellant concludes the PCRA court erred by denying Appellant's motion to dismiss, and this Court must dismiss the case. We disagree.

¶ 32 Pennsylvania Rule of Criminal Procedure 600(D)(1)–(2) provides:

**Rule 600. Prompt Trial**

(D)(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 120 days after the date of the hearing.

---

**5.** Current PCRA counsel presented this motion at Appellant's February 9, 2009 PCRA

order granting a new trial, if the defendant is incarcerated on that case. If the defendant has been released on bail, trial shall commence within 365 days of the trial court's order.

(2) **When an appellate court has remanded a case to the trial court, if the defendant is incarcerated on that case, trial shall commence within 120 days after the date of remand as it appears in the appellate court docket.** If the defendant has been released on bail, trial shall commence within 365 days after the date of remand.

Pa.R.Crim.P. 600(D)(1)–(2) (emphasis added). The Comment to this rule explains:

*Comment:*

\* \* \*

The provisions enumerating the excludable periods contained in paragraph (C) apply to the periods for commencing a trial under paragraph (D).

Paragraphs (D)(1) and (2) provide the time limits for commencement of trial when a trial court has granted a new trial and no appeal has been perfected, or when an appellate court has remanded a case to the trial court, for whatever reason. Under paragraph (D)(1), a trial must commence within 120 days of the trial court order granting a new trial, unless the defendant has been released on bail, in which event the trial must commence within 365 days. The withdrawal of, rejection of, or successful challenge to a guilty plea should be considered the granting of a new trial for purposes of this rule. Paragraph (D)(1) also applies to the period for commencing a new trial following the declaration of a mistrial.

Under paragraph (D)(2), when an appellate court has remanded a case to the trial court, for whatever reason, trial must commence within 120 days after the remand, unless the defendant has been released on bail, in which event trial must commence within 365 days after the remand. The date of remand is the date as it appears in the appellate court docket. When remand of the record is stayed, the period for commencement of trial does not begin to run until the record is remanded as provided in this rule.

Pa.R.Crim.P. 600 *Comment.* "Evidentiary hearings are not within the ambit of Rule [600]." *Commonwealth v. Richman*, 238 Pa.Super. 418, 357 A.2d 585, 587 (1976).

[A]n evidentiary hearing is not a new trial. Certain differences are inherent, in that an evidentiary hearing inquires into only one phase of the case and does not address itself to the merits. The full panoply of witnesses need not be present at the hearing. Rule [600] was not intended to apply to such hearings.... Nor do we believe that urgency is constitutionally mandated....[1]

_____

 [1] Evidentiary hearings must be held within a reasonable time. The issue raised here is that the hearing must be held within [120] days of the order of an appellate court. No issue is raised as to whether ... the evidentiary hearing was held after an unreasonable length of time.

*Id.*.[6]

¶ 33 Instantly, the PCRA court responded to this issue as follows:

At the February 9, 2009 hearing Appellant's attorney made an oral motion to

_____

**6.** *Richman* was decided under Rule 1100, the predecessor to Rule 600. The legislature amended and renumbered Rule 1100 as Rule 600, effective April 1, 2001. Nevertheless, the substance of the relevant portions under scrutiny is the same, except that Rule 600 has enlarged the time for a new trial from 90 to 120 days. *See* Pa.R.Crim.P. 600(D)(1)–(2), *Comment.*

dismiss that case because of a violation of his [Rule] 600 rights. This was the first time he had raised that issue. [Appellant] believes Rule 600(D)(2) required this court to hold a PCRA hearing within 120 days from the date of remand by the Superior Court.

Rule 600 refers to trial, not post-sentence procedures. The language and rationale of both the constitutional and statutory rules guaranteeing speedy trials do not apply to [PCRA] proceedings.... The February 9, 2009 hearing was not a trial, but a [collateral] proceeding, and therefore, Rule 600 does not apply to this PCRA proceeding.

(PCRA Court Opinion, filed February 19, 2009, at 8–9). We agree. As in *Richman,* Appellant's sole argument was whether his Rule 600 speedy trial rights had been violated. As *Richman* makes clear, the relevant inquiry in this context is whether the evidentiary hearing was held after an unreasonable length of time. *See id.*

¶ 34 Furthermore, we observe this Court remanded the case by memorandum decision filed on July 15, 2008, to the PCRA court for the appointment of new counsel and an evidentiary hearing on Appellant's claim that the Commonwealth had agreed to stand wholly silent at sentencing and then allegedly breached the agreement. The docket indicates the Prothonotary remanded the record to the PCRA court on August 27, 2008. By order dated September 2, 2008, the court appointed new PCRA counsel, gave counsel sixty (60) days to file an amended petition, and if Appellant filed an amended petition, the court gave the Commonwealth twenty (20) days to respond, if it so desired. On November 3, 2008, current counsel filed an amended PCRA petition. By order dated November 25, 2008, the court scheduled the evidentiary hearing for February 9, 2009. At the commencement of the PCRA hearing on February 9, 2009, counsel moved for the first time to dismiss pursuant to Rule 600(D)(2).

¶ 35 Appellant's reliance on Rule 600 is misplaced because the remand of a case for a PCRA evidentiary hearing does not fall within the ambit of Rule 600, particularly where new counsel is appointed and given time to file an amended petition per directive of the appellate court. *See Richman, supra.* Here, Appellant invoked application of a strict time frame under the Rule, without consideration of whether the evidentiary hearing occurred within a reasonable time. Given our analysis of the activity in this case following remand, we reject Appellant's suggestion that the interval between remand and the evidentiary hearing was unreasonable. Therefore, the record supports the court's decision to deny PCRA relief on the grounds alleged. *See R. Johnson; Wright, supra; Boyd, supra.*

¶ 36 Based upon the foregoing, we hold Appellant failed to establish the Commonwealth breached the plea agreement. We also hold Rule 600(D)(1)(2) does not apply in the context of a remand for a PCRA evidentiary hearing. Accordingly, we affirm.

¶ 37 Order affirmed.