J-S24009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWQUAY K. JOYNER | : | |
| | : | |
| Appellant | : | No. 75 WDA 2021 |

Appeal from the PCRA Order Entered December 1, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000081-2019

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                      **FILED: AUGUST 20, 2021**

Appellant, Shawquay K. Joyner, appeals from the December 1, 2020 Order denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  Appellant claims that his plea counsel provided ineffective assistance and, as a result, Appellant entered his guilty plea involuntarily and unknowingly.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On November 8, 2018, the Commonwealth filed a Criminal Complaint against Appellant charging him with one count each of Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, Aggravated Indecent Assault, Indecent Assault, and Corruption of Minors.

---

[*] Former Justice specially assigned to the Superior Court.

On May 30, 2019, Appellant entered a guilty plea to one count of Aggravated Indecent Assault in exchange for which the Commonwealth *nolle prossed* the other charges. On August 29, 2019, the trial court sentenced Appellant to a term of 36 to 72 months' incarceration. Appellant did not file a Post-Sentence Motion or an appeal from his Judgment of Sentence.

On August 3, 2020, Appellant timely filed the instant PCRA Petition *pro se*. Appellant claimed that his plea counsel had provided him ineffective assistance that caused Appellant to enter an involuntary and unknowing plea. Petition, 8/4/20, at 4. The PCRA court appointed counsel who filed an Amended PCRA Petition developing Appellant's ineffective assistance of counsel claim. Amended Petition, 9/11/20. In particular, Appellant asserted in his Amended Petition that his counsel was ineffective for failing to explore a potential alibi defense and was biased against Appellant because Appellant is Black. *Id.* at ¶¶ 9-10.

On October 20, 2020, the PCRA court held a hearing on Appellant's Petition at which Appellant and his plea counsel, David Raho, Esquire, testified. Appellant testified that he advised Attorney Raho that Appellant believed that his aunt, Brenda Joyner, would possibly have testified that Appellant was not at the location where the offenses occurred. N.T. H'rg, 10/20/20, at 12-13. He further testified that he pleaded guilty because Attorney Raho advised him that a "trial won't ever go in your favor because she's white and you're black." *Id.* at 14. Attorney Raho testified that he did not recall, and his notes do not reflect, ever discussing an alibi defense with Appellant, but that he did speak

- 2 -

with other witnesses who he ultimately determined would not be helpful to Appellant's defense. N.T. H'rg, 10/20/20, at 6. He further testified that he did not recall informing Appellant that "a jury would believe the testimony of the alleged victim over his own testimony." *Id.* at 7.

On December 1, 2020, the court denied Appellant relief.

This appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

[] Whether the [PCRA] court erred in denying Appellant's Petition for [PCRA] relief?

Appellant's Brief at 4

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). To succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance

lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

"[A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.*

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa. Super. 2010) (citations and quotations omitted). Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate "it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa. Super. 2006) (quotation marks omitted).

Appellant's one-paragraph argument in support of his claim that his plea counsel was ineffective is as follows:

> Appellant testified that he advised his trial counsel that he had a potential alibi witness. He further was of the impression that his trial counsel was investigating this potential alibi witness. He further felt compelled to plead guilty because his trial counsel told him that, because of the race of the victim and [] Apppellant's race, he would be found guilty.

Appellant's Brief at 10.

The PCRA court concluded that Appellant's ineffective assistance of counsel claim lacked merit because Appellant failed to plead or show any prejudice resulting from Attorney Raho's representation. PCRA Ct. Op., 12/1/20, at 13. Rather, after considering Attorney Raho's testimony, the court did not find Appellant's claim that Attorney Raho was biased in his representation of Appellant credible, particularly in light of Appellant's failure to offer any evidence in support of his claim. *Id.* at 12. The court also found Attorney Raho's testimony that he spoke with the witnesses whose names Appellant provided and "used his experience in criminal cases to determine that those witnesses were ultimately not helpful to [Appellant]" credible. *Id.* at 13.

Our review indicates that Appellant has failed to argue, let alone demonstrate, that his underlying claim of counsel's ineffectiveness has arguable merit, that his counsel's advice was outside the range of competence demanded of attorneys in criminal cases or lacked a reasonable basis, and that, but for his counsel's alleged bad advice, Appellant would not have

pleaded guilty. The record supports the PCRA court's determination that Appellant's claim lacked merit. Appellant is, thus, not entitled to relief on this claim.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2021