J-S72037-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                 :         PENNSYLVANIA
                    Appellee     :
                                 :
            v.                   :
                                 :
TIFFANY D. TAYLOR,               :
                                 :
                    Appellant    :    No. 833 WDA 2014
                                      No. 876 WDA 2014

Appeal from the PCRA Order Entered April 29, 2014,
in the Court of Common Pleas of Lawrence County,
Criminal Division at No(s): CP-37-CR-0001100-2008

BEFORE:  BENDER, P.J.E., SHOGAN and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 24, 2014**

Tiffany D. Taylor (Appellant) appeals from the order entered on April 29, 2014, denying her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The background underlying this matter can be summarized as follows. A jury found Appellant guilty of multiple crimes in connection with her involvement in the armed robbery of partygoers.  The trial court sentenced Appellant to 14 to 30 years in prison.  This Court affirmed the judgment of sentence on December 23, 2010.  ***Commonwealth v. Taylor***, 23 A.3d 593 (Pa. Super. 2010) (unpublished memorandum).  Appellant petitioned our Supreme Court for allowance of appeal.  The Court denied that petition on May 4, 2011.  ***Commonwealth v. Taylor***, 21 A.3d 1193 (Pa. 2011).

---

* Retired Senior Judge assigned to the Superior Court.

On May 8, 2011, Appellant *pro se* filed a PCRA petition. The theme of Appellant's argument was that her medical records indicate that she had suffered a leg injury prior to the robberies which would not have allowed her to participate in the robberies. Notably, Appellant did not assert in her petition a claim of ineffective assistance of counsel. Her petition asserted three claims, including an after-discovered evidence claim pursuant to 42 Pa.C.S. § 9543(a)(2)(vi).

The PCRA court appointed counsel to represent Appellant. Counsel did not file an amended PCRA petition. On January 23, 2014, the PCRA court held a hearing on the petition. The PCRA court denied the petition in an order entered on April 29, 2014. On May 14, 2014, Appellant *pro se* filed a notice of appeal. On May 22, 2014, new counsel was appointed to represent Appellant on appeal. On May 27, 2014, Appellant's counsel filed a notice of appeal. According to the PCRA court's docket, the court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant, through counsel, filed a 1925(b) statement.

In her brief to this Court, Appellant asks us to consider the questions that follow.

> [I]. Whether the [PCRA] court committed an error of law, not supported by the evidence of record by denying [] Appellant's PCRA trial [] counsel's oral motion at the hearing for an amendment to her *pro se* PCRA petition, reflecting the admission of ineffective assistance of counsel on record at the PCRA hearing?

[II]. Whether the [PCRA] court committed an error of law by denying [Appellant] PCRA relief and by not finding that the lack of medical records or medical witness testimony at trial was not prejudicial to [Appellant], due to admitted ineffective assistance of counsel, giving rise to a violation of her constitutional rights?

III. Whether the [PCRA] court committed an error of law by not finding that her now-available medical records were post-trial exculpatory evidence, under her unique facts and circumstances?

Appellant's Brief at 4 (re-ordered for ease of discussion; unnecessary capitalization omitted).

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Relevant to the first issue quoted above, we highlight the following portions of the hearing on Appellant's PCRA petition. Before any witnesses testified at the hearing, the deputy attorney general (DAG) asked for clarification regarding what claims Appellant intended to address at the hearing. N.T., 1/23/2014, at 9. PCRA counsel responded by explaining:

Your Honor, looking at [Appellant's] PCRA -- the handwritten PCRA passed to me, [Appellant] makes allegations of being entitled to have a PCRA granted by arguing facts from her situation at the time of the occurrence of the crime, but the Superior Court decision spent a lot of time discussing the medical testimony that [trial counsel] did not obtain to put in, because, number one, the doctor he was planning to use went on vacation, and [trial counsel] then also applied for a continuance to obtain medical records,[1] but that continuance

---

[1] As this Court explained in its memorandum affirming Appellant's judgment of sentence, on the last day of trial, trial counsel moved for a continuance in

was denied, I believe on the fourth or fifth day of trial, as referenced in the opinion. I'm going from memory now.

*Id.* at 10.

The DAG then accurately stated that Appellant's PCRA petition did not raise any allegations of ineffective assistance of counsel. *Id.* at 10-11. The DAG explained that he, therefore, was unsure why any of Appellant's previous counsel were at the PCRA hearing. *Id.* at 11.

Appellant's counsel responded as follows.

> That is correct, Your Honor. I'm here because [Appellant] has filed a PCRA alleging, basically, that she could not have done it, which is a defense, and it's up to the [c]ourt, then, whether to proceed to take testimony or just summarily deny the PCRA as it stands.

*Id.*

At that point, Appellant elicited testimony from several of Appellant's former counsel, including trial counsel. During trial counsel's testimony, PCRA counsel asked him whether there was anything he did during trial that he would consider ineffective. *Id.* at 26. Trial counsel explained that he believed he "could have got the medical records sooner." *Id.* Shortly after this testimony, in further questioning trial counsel, PCRA counsel asserted

---

order to obtain certified medical records from a Cleveland, Ohio health care provider that would confirm that Appellant had a knee injury causing a pronounced limp. *Commonwealth v. Taylor*, 23 A.3d 593 (Pa. Super. 2010) (unpublished memorandum at 3-4). The trial court denied that motion. *Id.* at 4. On appeal, Appellant assigned error to this determination, but this Court concluded that no error occurred. *Id.* at 13-15.

that trial counsel testified that he was ineffective. Trial counsel then stated, "I don't know if I was ineffective." *Id.* at 36.

The DAG objected on the basis that, because Appellant's petition did not include a claim of ineffective assistance of counsel, Appellant was prohibited from exploring such an issue. *Id.* The DAG explained that Appellant's PCRA petition presents Appellant's medical records as newly-discovered evidence. *Id.* at 38. The PCRA court ultimately ruled that it would allow further questioning, but PCRA counsel did not have any more questions for trial counsel. *Id.* at 39-40.

After another witness and Appellant testified, PCRA counsel "move[d] that the PCRA petition be deemed to conform to the testimony elicited here at the hearing." *Id.* at 56. The Commonwealth objected to the motion, and the court denied it.

On appeal, Appellant contends that the PCRA court erred by denying her oral motion to amend her PCRA petition to include a claim of ineffective assistance of counsel. Appellant's Brief at 18-24. Appellant's primary argument is that, because a judge may grant an amendment to a PCRA petition at any time and because such amendments should be freely allowed to achieve substantial justice, the court should have granted her motion to amend her petition.

Appellant is correct that a "judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time" and that

"[a]mendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). However, because the rule states that the judge "may" allow amendment at any time, the decision to grant or deny such a request is at the discretion of the PCRA court. *See Commonwealth v. Keaton*, 45 A.3d 1050, 1059 n.3 (Pa. 2012) ("Although the Rules of Criminal Procedure permit amendment of a PCRA petition 'at any time' and state amendment 'shall be freely allowed to achieve substantial justice[,]' Pa.R.Crim.P. 905(A), it was within the PCRA court's discretion not to address these eleventh-hour supplemental issues during the hearing."). Thus, we must determine whether the PCRA court abused its discretion by denying Appellant's request to amend her PCRA petition.

The Rules of Criminal Procedure are clear and unambiguous: "Each ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." Pa.R.Crim.P. 902(B). Appellant could have sought leave to amend her petition to include claims of ineffective assistance of counsel at a reasonable time before the PCRA hearing. The DAG put Appellant on notice prior to any testimony being taken at the PCRA hearing that Appellant failed to allege any claims of ineffective assistance of counsel. Yet, it was not until all the evidence was presented at the hearing that Appellant requested to amend her PCRA petition. We can discern no abuse of discretion in the

PCRA court's decision to deny such a tardy request. **See Keaton**, 45 A.3d at 1059 n.3.

The nature of Appellant's argument in support of the second issue quoted above is unclear. Appellant's Brief at 9-18. It appears that she is arguing that, at the PCRA hearing, she proved that her constitutional rights were violated due to the ineffective assistance of trial counsel. Given our resolution of the previous issue, we need not address any claims of ineffective assistance of counsel.

Lastly, Appellant argues, in cursory fashion, that her medical records constitute after-discovered evidence and warrant a new trial. **Id.** at 24-25.

> To be entitled to relief under the PCRA on this basis, the petitioner must plead and prove by a preponderance of the evidence [t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced. As our Supreme Court has summarized:
>
>> To obtain relief based on after-discovered evidence, [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.
>
> The test is conjunctive; the [appellant] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. Further, when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case.

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012) (citations and quotation marks omitted).

The PCRA court concluded, *inter alia*, that Appellant's claim fails to meet the first prong, stating, "[Appellant] was aware of the existence of the medical records and could have obtained them prior to trial, but was not diligent in doing so." PCRA Court Opinion, 4/29/2014, at 6. We can discern no abuse of discretion in this conclusion.

Common sense dictates that Appellant clearly knew that she received medical attention for her leg prior to her trial. She certainly did not present any evidence at the PCRA hearing that would establish she could not have obtained the records of that treatment prior to, or much earlier than, the conclusion of her trial by the exercise of due diligence.

Appellant has failed to present this Court with an issue worthy of appellate relief. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2014