J-S06042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WESLEY MORGAN POLLARD, SR., | |
| Appellant | No. 2153 MDA 2014 |

Appeal from the PCRA Order November 6, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-DR-0003717-2011

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JANUARY 28, 2016**

This is an appeal from the order entered in the Court of Common Pleas of Luzerne County denying Appellant's first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The relevant facts and procedural history are as follows:

In 1990, Appellant was convicted of involuntary deviate sexual intercourse, an offense requiring lifetime registration under Megan's Law.  On June 30, 2003, Appellant registered as a Megan's Law offender with the Pennsylvania State Police.  On that date, Appellant received a written notification of his registration obligations, which Appellant signed.  Every year thereafter, Appellant registered his address with the Pennsylvania State Police.  On May 11, 2011, Appellant registered his address at 286 Hazel Street in Wilkes-Barre.  On August 31, 2011, Trooper Martin Connors, the Megan's Law field liaison and custodian of records for the Pennsylvania State Police, received a call from a probation officer who informed Trooper Connors that he had gone to Appellant's registered

*Former Justice specially assigned to the Superior Court.

address at 286 Hazel Street, and upon speaking with the owner of the residence, learned that Appellant was not living there. Trooper Connors conducted his own investigation and verified that Appellant was not residing at 286 Hazel Street. Appellant was subsequently arrested and charged with failure to provide accurate information in compliance with Megan's Law [III's] registration requirements.[1]

Following a jury trial on July 23, 2012, Appellant was found guilty of the aforementioned crime. On September 20, 2012, following a hearing, the trial court sentenced Appellant to a term of imprisonment of ten to twenty years. Appellant filed a timely notice of appeal.

*Commonwealth v. Pollard*, No. 1912 MDA 2012, 2 (Pa. Super. filed 5/22/13) (unpublished memorandum) (footnote added).

On direct appeal, Appellant's counsel filed a petition to withdraw his representation, as well as an *Anders*[2] brief in which he raised the sole claim of whether the evidence was sufficient to support Appellant's conviction. Upon independent review of the record, and finding the evidence was sufficient, this Court found Appellant's appeal to be frivolous, thus permitting counsel to withdraw and affirming the judgment of sentence. *Pollard*, *supra*.

Thereafter, on December 16, 2013, the Supreme Court ruled that Megan's Law III was unconstitutional because Act 152 of 2004 ("Act 152"),

---

[1] Appellant was convicted under 18 Pa.C.S.A. § 4915(a)(3). Effective December 20, 2012, 18 Pa.C.S.A. § 4915 expired and was replaced by 18 Pa.C.S.A. § 4915.1. Based on Appellant's offense date of May 11, 2011, the former section, 18 Pa.C.S.A. § 4915, applied to Appellant's case.

[2] *Anders v. California*, 386 U.S. 738 (1967).

which included the provisions of Megan's Law III under which Appellant was convicted, violated the Single Subject Rule of Article III, Section 3, of the Pennsylvania Constitution. *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013). However, the Court noted:

> [A]s we have observed previously in striking down other legislation which violated Article III, Section 3, "nothing . . . precludes the General Assembly from enacting similar provisions in a manner consistent with the Constitution." [S]ince we find merit in the General Assembly's suggestion that our decision abrogating the entirety of Act 152 will have a significant impact on a wide variety of individuals and entities which have ordered their affairs in reliance on its provisions, we will stay our decision, as we have done under similar circumstances, in order to provide a reasonable amount of time for the General Assembly to consider appropriate remedial measures, or to allow for a smooth transition period.

*Id.* at 616 (quotation and citation omitted).

In fact, despite striking Act 152 in its entirety, the Supreme Court held:

> We stress, however, that this action should, in no way, be read as a repudiation of the merits of the various legislative components of Act 152 such as Megan's Law III, which serves a vital purpose in protecting our Commonwealth's citizens and children, in particular, from victimization by sexual predators.

*Id.* at 615.

The Supreme Court stayed its decision for 90 days, by which time the Legislature passed Act 19 of 2014 ("Act 19") with a retroactive effective date of December 20, 2012. Act 19 amended the sexual offender registration requirements imposed by 42 Pa.C.S.A. § 9799.10 *et seq.*, also known as the Sexual Offender Registration and Notification Act ("SORNA") or Megan's Law

IV, and included a declaration that "[i]t is the intention of the General Assembly to address the Pennsylvania Supreme Court's decision in *Commonwealth v. Neiman* [ ] by amending this subchapter in the act of (March 14, 2014, P.L. 41, NO. 19)." 42 Pa.C.S.A. § 9799.11(b)(3).

On May 15, 2014, Appellant filed a timely *pro se* PCRA petition alleging trial counsel was ineffective, and following the appointment of counsel, Appellant filed a counseled supplemental PCRA petition. In his counseled supplemental petition, Appellant averred that, since Megan's Law III was declared unconstitutional by *Neiman*, he is serving an illegal sentence, and therefore, his conviction and sentence must be vacated.

Following a hearing, by order and opinion filed on November 6, 2014, the PCRA court denied Appellant relief under the PCRA. Specifically, as it relates to Appellant's argument that his conviction and sentence should be vacated under *Neiman*, the PCRA court disagreed, finding no merit to the claim. This timely appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant presents the following issue for our consideration:

> Did the PCRA court err in denying Appellant's petition for Post-Conviction Relief where [Appellant] is currently serving an illegal sentence and is incarcerated in violation of the due process clauses of both the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania?

Appellant's Brief at 5.[3]

In essence, Appellant argues that the Megan's Law III provisions under which he was sentenced are void *ab initio*, rendering his sentence unconstitutional because it is as if the offense for which he was convicted never existed. Appellant does not dispute that the reporting requirements of Megan's Law III were in effect when he was tried and sentenced, as well as during the entirety of his direct appeal. However, he claims that the Supreme Court's subsequent holding in **Neiman** striking Megan's Law III as unconstitutional should be applied retroactively on collateral review and the Legislature's enactment of Act 19 should be disregarded.

In so arguing, Appellant relies primarily on this Court's unpublished memorandum decision in **Commonwealth v. Myers**, No. 1295 MDA 2014 (Pa. Super. filed 7/31/15) (unpublished memorandum). However, we find **Myers** to be unavailing for several reasons. First, as an unpublished memorandum decision, **Myers** has no precedential value and, thus, we are

---

[3] This Court has held:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings.

**Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citations omitted). "Of course, if the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quotation marks and quotation omitted).

not bound by its dictates. ***Commonwealth v. Swinson***, 626 A.2d 627 (Pa. Super. 1993). Additionally, Appellant's reliance on ***Myers*** is misplaced. Unlike the case before us, the appellant in ***Myers*** had not yet been sentenced in the trial court when the relevant statutes were declared unconstitutional, and in vacating the appellant's sentence, this Court applied ***Neiman*** on direct appeal. Thus, the issue of whether ***Neiman*** should apply retroactively on collateral review was not before this Court in ***Myers***, and accordingly, ***Myers*** is not dispositive. ***See Commonwealth v. Riggle***, 119 A.3d 1058 (Pa. Super. 2015) (distinguishing the application of opinions to direct appeals as opposed to retroactively in collateral appeals).

Appellant next argues that, under the framework set forth by the U.S. Supreme Court in ***Teague v. Lane***, 489 U.S. 288 (1989) (plurality), which was subsequently adopted by a majority of our Supreme Court in ***Commonwealth v. Lesko***, 15 A.3d 345 (Pa. 2011), ***Neiman*** applies retroactively on collateral review. ***See*** Appellant's Brief at 14-16.

This Court recently recognized that "[t]he seminal test in determining whether a constitutional rule warrants retroactive application during collateral review was delineated in ***Teague***[.]" ***Riggle***, 119 A.3d at 1065 (citations omitted).

> "Under the ***Teague*** framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review. A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal

procedure' implicating the fundamental fairness and accuracy of the criminal proceeding."

**Riggle**, 119 A.3d at 1065 (quoting **Whorton v. Bockting**, 549 U.S. 406, 416 (2007)). Generally "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." **Teague**, 489 U.S. at 301. Appellant urges us to consider **Neiman** a new rule to be applied retroactively in a collateral proceeding under the substantive rule exception.[4] **See** Appellant's Brief at 14-15.

Assuming, *arguendo,* Appellant is correct that **Neiman**, which struck down Megan's Law III as unconstitutional, announced a new substantive rule, **see Riggle**, 119 A.3d at 1066 ("Substantive rules are those that decriminalize conduct or prohibit punishment against a class of persons.") (citation omitted)), we disagree that Appellant is entitled to collateral relief. As the PCRA court noted, the Supreme Court in **Neiman** did more than hold that Act 152, including Megan's Law III, was unconstitutional. The Court additionally stayed its decision and abrogation of Act 152 for 90 days to provide the General Assembly with an opportunity to take remedial measures to address the manner in which the legislations were enacted. In doing so, the Court, as indicated *supra*, proclaimed that its action in striking down Act 152 "should, in no way, be read as a repudiation of the merits of

---

[4] Appellant has not advanced an argument that **Neiman** pertained to a "watershed rule of criminal procedure."

the various legislative components of Act 152 such as Megan's Law III, which serves a vital purpose in protecting our Commonwealth's citizens and children, in particular, from victimization by sexual predators." *Neiman*, 84 A.3d at 615. On March 14, 2014, the Legislature responded and passed Act 19, with a retroactive effective date of December 20, 2012. With the enactment of Act 19, the Legislature addressed *Neiman's* concerns by retroactively amending SORNA and again criminalizing the conduct for which Appellant was convicted. Therefore, Appellant is not entitled to benefit from any new rule announced in *Neiman* since his sentence was not illegal under the law existing at the time of his conviction, sentence, and direct appeal.

Accordingly, we reject Appellant's suggestion that he is entitled to collateral relief pursuant to the Supreme Court's decision in *Neiman*, and we affirm the denial of PCRA relief.

Affirmed.

Judge Panella joins the memorandum.

Judge Mundy concurs in result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/28/2016

- 8 -