J-S66019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AKEEM WILLIE | |
| Appellant | No. 121 WDA 2015 |

Appeal from the PCRA Order entered January 5, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0012086-2011

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                  **FILED JANUARY 20, 2016**

Appellant, Akeem Willie, appeals from the January 5, 2015 order entered in the Court of Common Pleas of Allegheny County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the factual background as follows:

On August 24, 2011, at approximately 5:30, [Appellant] along with his co-defendant Darien Clark, contacted Dalyn Jones via telephone and arranged to meet at McDonald's on Frankstown Road in Penn Hills, Allegheny County, Pennsylvania.

Once all parties arrived at that location, [Appellant] and Clark entered the vehicle driven by DeShawn Hall and occupied by Dalyn Jones.  At that point, [Appellant] took out a firearm from his waistband and struck Jones in the face.  [Appellant] then

_____

[*] Retired Senior Judge assigned to the Superior Court.

stated "throw it down," which meant you are being robbed. At this point, the clip fell out of [Appellant]'s gun and [Appellant] stated that there is [a] bullet in the chamber. While [Appellant] was placing the clip back into his gun, Jones began moving and [Appellant] shot him four times in the back. All parties then exited the vehicle and Jones died at the scene. [Appellant] and Clark then fled the scene.

PCRA Court Opinion, 7/8/15, at 3 (unnumbered) (citations to record omitted).

On August 25, 2011, Appellant was charged with one count of criminal homicide, two counts of robbery--serious bodily injury, one count of criminal conspiracy, one count of carrying a firearm without a license, one count of recklessly endangering another person, and one count of possession of a firearm by a minor.[1] A few days before the trial, the Commonwealth offered Appellant a 20 to 40 years' incarceration deal in exchange for his guilty plea. On the day scheduled for trial, Appellant's co-defendant, Darien Clark, agreed to testify for the Commonwealth. After discussing the new development,

[Appellant], along with his counsel, appeared before the [trial court] and entered a guilty plea to [one count of third degree murder, two counts of robbery, one count of criminal conspiracy, one count of carrying a firearm without a license, one count of recklessly endangering another person, and one count of possession of a firearm by a minor] in exchange for a sentence of twenty (20) to forty (40) years in a state correctional institution. Although not before the [c]ourt on that date, the plea agreement also included concurrent time for two

_____

[1] On April 10, 2013, the Commonwealth amended the general charge of criminal homicide to third degree murder.

aggravated assault cases that were pending in Juvenile Court. It was anticipated that these charges would be certified to [c]riminal [c]ourt and [Appellant] would enter a plea agreement to those charges upon certification. Based upon the guilty plea colloquy, this [c]ourt found that [Appellant] entered a knowing, voluntary, and intelligent plea and [on April 10, 2013] was sentenced to a total sentence of twenty (20) to forty (40) years in a state correctional institution.

On April 7, 2014, [Appellant] filed a pro se [PCRA] [p]etition. On April 14, 2014, this [c]ourt appointed [Appellant] counsel and gave counsel for [Appellant] leave to amend the petition. [Appellant]'s [a]mended petition was filed on June 10, 2014, and the Commonwealth filed an [a]nswer on July 10, 2014. An evidentiary hearing on [the amended petition] was held on November 6, 2014. Thereafter, on January 5, 2015, this [c]ourt dismissed [the amended PCRA petition].

PCRA Court Opinion, 7/8/15, at 1-2 (unnumbered)(footnote omitted). This appeal followed.

On appeal, Appellant raises the following issues:

1. Whether [trial counsel] was ineffective, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place[.]

2. Whether there was a violation of the Constitution of this Commonwealth or the Constitution of the United States which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place[.]

3. Whether Appellant's guilty plea was not knowing and voluntary[.]

Appellant's Brief at 9.

On appeal from the denial of a PCRA petition,

[our standard of review] is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. This Court grants great deference to the

- 3 -

findings of the PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations.

***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citations omitted).

Despite having raised three separate issues, they all are different aspects of the same claim, namely, whether trial counsel provided ineffective assistance, which we review pursuant to the following principles.

To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different. It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (citations, quotation, quotation marks, and brackets omitted).

Appellant argues counsel was ineffective for "communicating certain information that the Appellant relied on and induced him to take the plea, as he felt he had no other choice." Appellant's Brief at 17. Specifically, Appellant argues counsel was ineffective "for improperly advising his client

that a jury or judge would only believe [] co-defendant's version of events, and Appellant would be therefore convicted of [f]irst or [s]econd [d]egree [m]urder if he were to proceed to trial.[2] [Counsel]'s statements made Appellant feel as if he had no other choice but to take a plea when he had always intended on proceeding to trial." *Id.* at 15. Additionally, Appellant argues counsel was ineffective because he did not honor his request to obtain a continuance so he could have more time to decide about the plea offer and for not allowing him to talk to his family regarding the plea. *See id.* at 17.

Appellant avers he met the three prongs for a finding of ineffective assistance of counsel for the following reasons. Regarding the first prong, Appellant argues that his claim has arguable merit because "clear[ly] [he] is more credible" as to whether he wanted to proceed to trial as opposed to taking a guilty plea. Appellant's Brief at 18. Next, Appellant argues "no reasonable basis exists" for not seeking a continuance to allow him more time to make a decision on the plea offer or to talk to his family. *Id.* Finally, Appellant argues he was "severely prejudiced" by counsel's ineffectiveness. *Id.* at 19. For the reasons stated below, we disagree.

The PCRA court credited trial counsel's version of the facts, not Appellant's. Yet, Appellant is asking us to discount counsel's testimony, in

---

[2] Appellant also testified that counsel told him he would be sentenced to "technically life" as a result of his conviction. Appellant's Brief at 17.

favor of his testimony, which is, in his view, "clearly more credible." Credibility issues are for the PCRA court, not for this Court. ***See Anderson***, ***supra***. As such, we will not reweigh the testimony. Thus, the claim is meritless. Similarly meritless is Appellant's statement about the reasonable basis (or lack thereof) prong. Merely stating that the strategy had no reasonable basis is not proof that the strategy in fact lacked reasonable basis. In other words, the statement is not self-evident truth. Appellant must allege and prove by a preponderance of the evidence that he is entitled to relief. ***See***, ***e.g.***, ***Commonwealth v. Hutchinson***, 25 A.3d 277, 285 (Pa. 2011). Bald allegations, without more, are insufficient to meet the standard. ***See***, ***e.g.***, ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1128 (Pa. 2011) ("We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective") (citation omitted)). Finally, Appellant presumes prejudice from counsel's conduct. However, prejudice cannot be presumed, it must be shown. ***Id.*** Appellant's failure to do so is fatal to his claims.

Despite Appellant's reliance on mere conclusions, the PCRA court addressed his claims as follows:

> At the PCRA hearing in this matter, . . . trial counsel testified that he represented [Appellant] from the initial stages of this matter through the plea. He testified that the offer to plea to 20 to 40 years was made a few days prior to the scheduled trial date, but on the trial date the Commonwealth agreed that his two pending aggravated assault charges would be concurrent to

the time served for this matter. Trial counsel testified that he was prepared to proceed to trial, but on the day scheduled for trial, [co-defendant] agreed to testify against [Appellant]. At this point, trial counsel spoke with [Appellant] to discuss the plea offer and the co-defendant's statement. Trial counsel gave [Appellant] his opinion of the co-defendant statement that it was not necessarily the best evidence and there was contradictory evidence that would be presented at trial. He further advised him of the sentencing options for juvenile homicide offenders. Prior to the trial date, trial counsel had advised [Appellant] of the possible outcomes of going to trial in this matter, including available defenses. Trial counsel advised him that a life sentence was a possibility, but not likely given the sentencing judge. [Appellant]'s demeanor at this point was that he was depressed and he stated, "I'm f-ed."

After trial counsel gave [Appellant] the plea offer and discussed it with him for a few hours, [Appellant] asked trial counsel to leave so that he could think about the plea offer. Based upon [Appellant]'s actions, trial counsel testified that he was of the impression that "there was somebody back in the holding cell whose opinion [Appellant] valued more than mine." After not receiving confirmation that [Appellant] wanted to accept the plea offer, trial counsel and [Appellant] went to the jury room to begin selecting a jury. At that point, [Appellant] advised trial counsel that he wanted to accept the plea offer.

[Appellant] was then brought before this [c]ourt to enter his plea of guilty. During [Appellant]'s plea colloquy, [Appellant] was difficult, but ultimately admitted guilt. As was placed on the record at the plea, trial counsel advised [Appellant] that he was not required to enter the plea and that he was able to proceed to trial if he so chose.

Trial Court Opinion, 7/8/15, at 3-4 (unnumbered) (citations to record omitted).

In light of the foregoing, the PCRA court concluded:

Based upon the testimony at the guilty plea and the PCRA hearing, it was clear to this [c]ourt that [Appellant] understood the nature of the charges he was facing, that he had a right to a

- 7 -

trial by a jury, and that he knew the possible range of sentences he was facing. As such, [Appellant] entered into a knowing plea. As noted above, when ineffective assistance of counsel is raised with regard to voluntariness of a plea, a court is to look at whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Based upon the testimony presented at the PCRA hearing this [c]ourt found that trial counsel's advice was competent and, therefore, [Appellant]'s plea was voluntary. As such, [Appellant] cannot meet his burden to establish the three prong test for an ineffective assistance of counsel claim . . . and his PCRA [p]etition was properly dismissed.

PCRA Court Opinion, 7/8/15, at 5-6 (quotation marks and citation omitted).

Upon review, and in light of the foregoing, we conclude the record supports the PCRA court's analysis and conclusions, which are free of legal error. Appellant indeed failed to adequately allege and prove that he entered an unknowing and involuntary guilty plea, and that that trial counsel provided ineffective assistance. Accordingly, we conclude the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2016