J-S37011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REBECCA JO KELLY | |
| Appellant | No. 835 WDA 2015 |

Appeal from the Judgment of Sentence April 27, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-SA-0000089-2013

BEFORE: GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                          **FILED MAY 23, 2016**

Appellant, Rebecca Jo Kelly, appeals from the judgment of sentence entered in the Cambria County Court of Common Pleas, following her summary conviction for driving while operating privilege is suspended or revoked (sixth or subsequent offense).[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On November 13, 2013, a magistrate convicted Appellant of driving while operating privilege is suspended or revoked.  Appellant timely filed a summary appeal on December 4, 2013, for a trial *de novo*.  The parties appeared for the *de novo* trial on February 25, 2014, at which time defense counsel stated Appellant was not appealing the substantive merits of her

---

[1] 75 Pa.C.S.A. § 1543(a).

conviction but was simply requesting a sentence of intermediate punishment instead of county confinement. Defense counsel acknowledged Appellant was subject to a mandatory sentence pursuant to 75 Pa.C.S.A. § 6503(a.1) (providing that person convicted of sixth or subsequent offense under 75 Pa.C.S.A. § 1543(a) shall be sentenced to pay fine of not less than $1,000.00 and to imprisonment for not less than 30 days but not more than 6 months). Defense counsel urged the court to allow Appellant to serve the mandatory 30-day period on house arrest with electronic monitoring and requested a continuance so Appellant could acquire funds to pay for electronic monitoring. The court warned Appellant that if she appeared again before the court for another Section 1543 offense, the court would definitely impose a sentence of imprisonment. With respect to the current offense, the court continued the hearing to **consider** Appellant's request for intermediate punishment. The court told Appellant to obtain funds for electronic monitoring by the next hearing, in the event the court decided to grant Appellant's intermediate punishment request. At the conclusion of the hearing, the court voiced its inclination to **deny** Appellant's request, stating:

> If it sounds like I am trying to scare you, I am. Because I can't for the life of me figure out why someone would just continue to break the law like that. And I am not going to make it any easier for you to do so by letting you serve your sentence at home, because that doesn't teach you a lesson. Then it is like real life. It doesn't feel like you are being punished.

(N.T. Summary Appeal Hearing, 2/25/14, at 5; R.R. at 21a).

On April 7, 2014, the parties appeared before a different jurist for sentencing. Defense counsel again asked the court to permit Appellant to serve the mandatory 30-day sentence on house arrest. Defense counsel conceded Appellant still did not have sufficient funds to pay for electronic monitoring. Appellant testified at the hearing that she has three children and wanted to serve her sentence on house arrest to take care of her children. Appellant also explained she was pregnant and considered a "high risk" pregnancy. As well, Appellant said she was a college student. After listening to Appellant's testimony, the court denied her request for intermediate punishment. The court stated:

> Seven times is enough. You will serve your time as required by law.
>
> *   *   *
>
> I am not sympathetic to your cause. This is the seventh time you are driving without a license, no insurance, and let's just assume that you run a light or you are playing on your cell phone and you hit somebody. They are dead.
>
> What do we tell those people? Well, oh, I am pregnant, oh, I am going to school, and oh, I am out of money. What do we tell those people?
>
> Tell me, that person that is standing in a court of law that says here, Judge, here is a person that is driving without a license for the seventh time, ran me over, killed my kid, whatever the facts might be, what do I tell them? What do I tell them?

(N.T. Sentencing Hearing, 4/7/14, at 6-7; R.R. at 28a-29a). The court sentenced Appellant to 30 days' imprisonment in county jail, plus the costs

of prosecution and a $1,000.00 fine.

Appellant filed a motion for reconsideration the next day. The court held a hearing on the motion on April 11, 2014. Defense counsel[2] argued the prior jurist's intention at the February 25, 2014 hearing was to impose a sentence of house arrest once Appellant obtained funds to pay for electronic monitoring. The court responded that since the last hearing, the court had the opportunity to review Appellant's lengthy criminal history and had the court known of Appellant's criminal history before the most recent hearing, the court would have imposed an even greater term of imprisonment. The court stated:

> This sentence is about having responsibility for your conduct. And it's even more important to me today since I found out her criminal history that she has had a multitude of years, over ten years of probation terms. And maybe it's time that a month in jail gets her attention, because clearly periods less restrictive have had no effect. So I respect your opinion, I respect your advocacy for your client, but your motion is denied.

(N.T Motion for Reconsideration Hearing, 4/11/14, at 8-9; R.R. at 47a-48a). The court also denied Appellant's request to transfer the case to the jurist who had presided over the February 25, 2014 proceeding.

Appellant timely filed a notice of appeal on April 11, 2014, following the hearing. On March 17, 2015, this Court vacated the judgment of

_____

[2] The Public Defender's Office represented Appellant at the February 25, 2014 and April 7, 2014 proceedings. Appellant retained private counsel for the April 11, 2014 hearing and future proceedings.

sentence and remanded for resentencing, concluding the trial court had imposed an illegal 30-day flat sentence, where Section 6503(a.1) does not permit the imposition of a flat sentence, and the court failed to dictate a minimum and maximum term of imprisonment. *See Commonwealth v. Kelly*, 120 A.3d 1057 (Pa.Super. 2015). Based on this Court's disposition, it declined to reach the merits of Appellant's claim on appeal that the trial court erred by declining to impose a sentence of house arrest. *See id.*

On April 27, 2015, the parties appeared for resentencing. Defense counsel initially asked the court to transfer the case to the jurist who had presided over the February 25, 2014 proceeding; the court denied that request. Defense counsel also asked the court once again to impose a sentence of house arrest, where Appellant committed no crimes since 2013, made payment on the fines owed, performed community service, needs to care for her children, was recently diagnosed with multiple sclerosis, refrained from using drugs, and obtained employment. Appellant testified at the hearing about her good behavior and reasons for seeking house arrest, consistent with defense counsel's remarks.

Defense counsel also suggested Appellant had withdrawn her summary appeal for a trial *de novo* at the February 25, 2014 proceeding, and "pled guilty" to the offense charged in reliance on the court's statements that it would impose a sentence of house arrest. The Commonwealth responded that no guilty plea or plea bargain took place in this case. The

Commonwealth stated the docket entries show a magistrate convicted Appellant following a trial; and Appellant's summary appeal was a request for the court to impose a sentence of intermediate punishment. The Commonwealth continued:

> So I just want to make that clear that there was no plea agreement between the Defense and the Prosecution saying this young lady would get house arrest. That is something that has never been discussed on the record. There is no record of that in our file; anything of that effect. And I just want to make that clear for the [c]ourt at this time.

(N.T. Resentencing Hearing, 4/27/15, at 8; R.R. at 59a). Defense counsel replied that the docket entries are unclear regarding whether the magistrate convicted Appellant following a trial. Defense counsel insisted Appellant was entitled to a summary appeal on the merits, and Appellant chose not to proceed with the summary appeal based upon the court's remarks at the February 25, 2014 proceeding, indicating the court would impose a sentence of house arrest. At the conclusion of the hearing, the court denied Appellant's request for house arrest and resentenced Appellant to 30 days' to 6 months' imprisonment in county jail (automatic parole after completion of the 30 days) with work release approval.

Appellant filed a motion to rescind and to modify the sentence on May 7, 2015, which the court denied on May 12, 2015. On May 21, 2015, Appellant timely filed a notice of appeal. That day, the court ordered Appellant to file a concise statement of errors complained of on appeal

pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on June 9, 2015.

Appellant raises one issue for our review:

> WHETHER THE COMMON PLEAS COURT IN A SUMMARY APPEAL FROM A CONVICTION FOR VIOLATING 75 PA.C.S. § 1543(A), AS A SIXTH OR SUBSEQUENT CONVICTION PURSUANT TO 75 PA.C.S. § 6503(A.1), MANDATING A 30-DAY MINIMUM TERM, ERRED OR ABUSED ITS DISCRETION BY FAILING TO IMPOSE THE NEGOTIATED SENTENCE, CALLING FOR THE 30-DAY MANDATORY MINIMUM TERM TO BE SERVED BY INTERMEDIATE PUNISHMENT ON HOME CONFINEMENT WITH ELECTRONIC MONITORING, NOTWITHSTANDING THAT THE SUMMARY APPELLANT HAD THE AGREED SUM FOR SUCH CONFINEMENT AND OTHERWISE COMPLIED ON THE CONTINUED SENTENCING DATE, BUT RATHER ORDERED THAT THE MANDATED MINIMUM TERM BE SERVED IN THE COUNTY PRISON CONTRARY TO THE AGREEMENT?

(Appellant's Brief at 4).

Appellant argues the transcript from the February 25, 2014 proceeding shows the parties entered into a plea bargain. Appellant asserts the court asked the parties at the outset of the proceeding: "Do we have any kind of plea bargain on this one?" Appellant claims defense counsel responded affirmatively, and the Commonwealth did not respond to the court's inquiry. Appellant insists the Commonwealth's silence signified acquiescence to the "plea bargain." Appellant maintains the transcript of the February 25, 2014 proceeding, read in its entirety, demonstrates the parties entered into a plea bargain, pursuant to which the court would impose a sentence of house arrest. Appellant suggests the court's language at the February 25, 2014 hearing made clear the court intended to impose a sentence of house arrest

as soon as Appellant acquired funds to pay for electronic monitoring. Appellant concedes the court warned her that it would sentence her to imprisonment for any subsequent offense, but the court would impose house arrest for the current offense. Appellant submits the court erred by refusing to impose the negotiated sentence of house arrest, on which Appellant relied when she pled guilty. Even in the absence of a plea bargain, Appellant contends the court abused its discretion by failing to sentence her to house arrest, where Appellant has children who require her care, Appellant performed community service, paid off her fines, was recently diagnosed with multiple sclerosis, works full-time, and has not committed any criminal acts since 2013. Appellant concludes the court abused its discretion and committed legal error by failing to impose the negotiated sentence of house arrest and disregarding other equitable considerations supporting a sentence of house arrest; and this Court must vacate and remand for the court to resentence Appellant to a minimum term of 30 days' house arrest with electronic monitoring. We disagree.

Pennsylvania Rule of Criminal Procedure 590 governs guilty pleas and plea agreements, and states in relevant part:

**Rule 590. Pleas and Plea Agreements**

**(A)  Generally**

(1)  Pleas shall be taken in open court.

(2)  A defendant may plead not guilty, guilty, or, with the consent of the judge, *nolo contendere*. If the

defendant refuses to plead, the judge shall enter a plea of not guilty on the defendant's behalf.

(3)   The judge may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered.  Such inquiry shall appear on the record.

**(B)   Plea Agreements**

(1)   When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement….

(2)   The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

Pa.R.Crim.P. 590(A)-(B).

> The guilty plea and the frequently concomitant plea bargain are valuable implements in our criminal justice system.  The disposition of criminal charges by agreement between the prosecutor and the accused, …is an essential component of the administration of justice.  Properly administered, it is to be encouraged*.*  In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule.
>
> Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement.

*Commonwealth v. Anderson*, 995 A.2d 1184, 1190-91 (Pa.Super. 2010),

*appeal denied*, 608 Pa. 634, 9 A.3d 626 (2010) (internal citations and

quotation marks omitted).

Instantly, Appellant's issue on appeal rests primarily on the premise that she entered a negotiated guilty plea in this case, pursuant to which the court would impose a sentence of house arrest. Nevertheless, the record plainly belies Appellant's contention. The certified record does not contain any indication, aside from defense counsel's assertions, that Appellant pled guilty. Significantly, no written or oral guilty plea colloquy appears anywhere in the certified record. The certified docket entries confirm a magistrate found Appellant "Guilty by Trial" on November 13, 2013. Appellant timely filed an appeal for a trial *de novo*. When the parties appeared for the trial *de novo*, the court had the following exchange with defense counsel:

> THE COURT: Do we have any kind of plea bargain on this one?
>
> [DEFENSE COUNSEL]: Yes, Your Honor. It was filed as a summary appeal, but it is really in the nature of an intermediate punishment request. She was convicted at the magistrate of driving under suspension. It is a 1543(a), non-DUI, but because it is considered a sixth or subsequent conviction it is a mandatory 30 days. And I believe that also bumps up the possible maximum to six months and I think there is also a mandatory fine.
>
> Now, in regards to [Appellant], we are asking the [c]ourt to impose a 30-day term of imprisonment and for her to serve that by way of intermediate punishment, house arrest, electronic monitoring. …

(N.T., 2/25/14, at 2; R.R. at 18a). After hearing defense counsel's argument for Appellant to serve her sentence on house arrest, the court

- 10 -

continued the hearing so it could consider the request. Notably, aside from defense counsel's affirmative response to the court's inquiry concerning whether there was a plea bargain in this case, there was no other mention about a plea bargain or the terms of any such agreement during the February 25, 2014 proceeding. Thus, the record shows defense counsel's affirmative response was an error.

Quite simply, nothing in the record supports Appellant's bald allegation that she "withdrew" her summary appeal and entered a negotiated guilty plea at the February 25, 2014 proceeding in exchange for a sentence of house arrest. Because nothing in the record shows a plea agreement ever took place, Appellant's complaint that the trial court failed to fulfill the terms of that agreement lacks merit. Moreover, the transcript of the February 25, 2014 proceeding, read in its entirety, makes clear that the court agreed only to **consider** Appellant's request for intermediate punishment. Nowhere on the record did the court "promise" to impose a sentence of house arrest. In fact, at the conclusion of the hearing, the court expressed its intention to **deny** Appellant's request for intermediate punishment. (**See id.** at 5; R.R. at 21a) (stating: "And I am not going to make it any easier for you to do so by letting you serve your sentence at home, because that doesn't teach you a lesson. Then it is like real life. It doesn't feel like you are being punished").

Appellant's alternative argument (that the court ignored "equitable

considerations" by failing to impose a sentence of house arrest) implicates the discretionary aspects of sentencing. ***See Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors challenges discretionary aspects of sentencing). Nevertheless, Appellant failed to preserve a challenge to the discretionary aspects of sentencing in a Pa.R.A.P. 2119(f) statement; the Commonwealth objects to this error. Thus, Appellant's alternative argument is waived. ***See Commonwealth v. Bruce***, 916 A.2d 657 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007) (explaining defendant challenging court's sentencing discretion must set forth in her brief concise statement of reasons relied upon for allowance of appeal; failure to include Rule 2119(f) statement constitutes waiver of sentencing claim, if Commonwealth objects to omission of statement). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/23/2016</u>