J-S25022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEWAYNE LAMAR CHATMAN | : | |
| | : | |
| Appellant | : | No. 1442 WDA 2017 |

Appeal from the PCRA Order September 7, 2017
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0001488-2016,
CP-11-CR-0002020-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 29, 2018**

Dewayne Lamar Chatman appeals from the order entered in the Cambria County Court of Common Pleas, which dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On March 28, 2017, Appellant pleaded guilty to two counts of retail theft. On July 3, 2017, the trial court imposed a sentence of 12 to 84 months' imprisonment on the first count of retail theft, and 18 to 84 months' imprisonment on the other count. The court ordered these sentences to run consecutively, for an aggregate sentence of 30 to 168 months' imprisonment. Appellant did not file a direct appeal. However, he filed a timely *pro se* PCRA petition on July 24, 2017.

After the PCRA court appointed counsel, Appellant filed an amended petition. In that petition, Appellant alleged ineffective assistance of guilty plea counsel. Specifically, Appellant averred that guilty plea counsel promised him that his sentences would run concurrently or that he would receive a probationary sentence. As Appellant did not receive concurrent sentences, he argues his guilty plea was unknowingly entered and involuntarily induced.

The PCRA court held hearings on Appellant's claims. Appellant testified that Attorney Schaffer represented him during his guilty plea and sentencing proceedings. **See** N.T., PCRA Hearing, 9/7/17, at 4. Appellant claimed Attorney Schaffer assured him he would receive either a probationary sentence or concurrent sentences if he pled guilty. **See id**., at 5-6. Based upon these assurances, Appellant entered into his guilty plea. **See id**. Appellant did not provide any additional evidence in support of his claims.

In response, Attorney Schaffer confirmed that she represented Appellant through his guilty plea negotiations and sentencing. **See id**., at 11-12. However, while she admitted to promising Appellant she would *push for* concurrent sentencing, she claimed she did not promise him he would *receive* concurrent sentences because that decision was within the hands of the judge.[1] **See id**., at 14. Further, Attorney Schaffer denied promising the

_____

[1] In fact, the sentencing transcript shows that Attorney Lovelette, standing in for Attorney Schaffer, *did* ask the sentencing court to impose concurrent sentences at the sentencing hearing. **See** N.T., Sentencing, 7/3/17, at 3. However, the trial court did not grant this request. **See id**., at 4-5.

possibility of a probationary sentence because a probationary sentence was not within Appellant's standard sentencing guidelines. **See id**., at 13.

Following this hearing, the PCRA court denied Appellant's petition. This timely appeal follows.

Appellant presents the following question for our review.

1. The [t]rial [c]ourt erred in denying Appellant's PCRA [p]etition, because the Appellant did not enter a plea in a knowing and competent manner based on his testimony that he was not properly advised by his prior counsel of the length of the sentence he would receive per his plea (the Appellant believed would receive concurrent sentences).

Appellant's Brief, at 4.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). The PCRA court's findings will not be disturbed unless the certified record lacks support for the findings. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted).

> In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which included the ineffective assistance of counsel.

It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner had the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

***Commonwealth v. Benner***, 147 A.3d 915, 919-920 (Pa. Super. 2016) (quotation marks and citations omitted).

Allegations of counsel's ineffectiveness during the guilty plea process are cognizable under the PCRA. ***See Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as the basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Allen***, 833 A.2d 800, 802 (Pa. 2003) (citation omitted).

Appellant's claim rests upon his contention that Attorney Schaffer promised that his sentences would run concurrently or that he would receive a probationary sentence. Attorney Schaffer denied making any such promise. Instead, Attorney Schaffer claimed that she only promised Appellant she would try to get him a lesser sentence, but that his ultimate sentence rested in the hands of the sentencing court.

In ruling against Appellant, the PCRA court accepted counsel's testimony as credible and accurate and squarely rejected Appellant's version of events. *See* PCRA Court's Opinion, 11/21/17, at 6. The record supports this credibility determination. Thus, we are bound by that finding. *See Anderson*, 995 A.2d at 1189.

Appellant has failed to demonstrate that there is arguable merit to the underlying claim of ineffectiveness. Therefore, we find no basis upon which to conclude that ineffective assistance of counsel caused him to involuntarily enter into a guilty plea.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2018