J-S03043-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN ANTHONY RASPATELLO, | : | |
| | : | No. 556 WDA 2020 |
| Appellant | | |

Appeal from the PCRA Order Entered April 20, 2020
in the Court of Common Pleas of Elk County
Criminal Division at No(s): CP-24-CR-0000128-2014

BEFORE:     DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                              **FILED: JULY 23, 2021**

Appellant, John Anthony Raspatello, appeals from the April 20, 2020 order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  At approximately 7:30 p.m. on December 30, 2013, Douglas Brosius and Amy Cloak attempted to repossess Suzanne Catalone's vehicle on behalf of Holiday Financial because Catalone had defaulted on a loan to which the vehicle's title had been offered as collateral.  Brosius permitted Appellant, Catalone's boyfriend, to enter the vehicle to retrieve personal items.  Brosius stood next to the open driver's side front door and Cloak stood next to the closed driver's side rear door.  Once inside the vehicle, Appellant twice announced that he had a gun.  Having failed to scare Brosius and Cloak away, Appellant

*Retired Senior Judge assigned to the Superior Court.

attempted to flee in the vehicle by driving in reverse. The open front door struck Brosius, propelling Brosius away from the door and causing the front door hinges to spring open. The door then hit Cloak, knocking her to the pavement, wedging her underneath the door, and dragging her approximately two car-lengths before she became dislodged and rolled into the yard of Catalone's residence. Appellant continued to drive away but was apprehended by police shortly thereafter. Cloak suffered a life-threatening dislocation of her sternum and clavicle. Brosius suffered a back injury and exacerbation of pre-existing cardiac issues. Twenty-two months after the incident, Brosius still experienced low back pain, which affected his mobility. ***See Commonwealth v. Raspatello***, 181 A.3d 1265 (Pa. Super. 2017) (unpublished memorandum at 2–4) (quoting Trial Court Opinion, 8/30/2016).

On October 30, 2015, following a trial, the jury convicted Appellant of two counts each of Aggravated Assault, Aggravated Assault (Deadly Weapon), Simple Assault, and Recklessly Endangering Another Person, and one count of Failing to Stop; the court simultaneously convicted Appellant of the summary offense of Reckless Driving.[1]

At a sentencing hearing on April 21, 2016, the court sentenced Appellant to serve consecutive terms of seven to fifteen years and eight to twenty years of incarceration for the Aggravated Assault convictions, as well as lesser

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 2702(a)(4), 2701(a)(1), and 2705, and 75 Pa.C.S. §§ 3742(a) and 3736(a), respectively.

concurrent sentences for Aggravated Assault (Deadly Weapon), Failing to Stop, and Reckless Driving. Appellant appealed to this Court. On December 22, 2017, this Court affirmed the trial court's denial of Appellant's weight and sufficiency challenges. Regarding Appellant's sentencing challenge, we concluded that the court's sentencing calculations correctly reflected application of the Deadly Weapon Enhancement, but the court had stated that it did not intend to apply the enhancement. Therefore, we vacated Appellant's judgment of sentence and remanded for resentencing so that the court could consider Appellant's sentence with the Deadly Weapon Enhancement. *Raspatello*, 181 A.3d 1265 (unpublished memorandum at 22). Our Supreme Court denied Appellant's petition for allowance of appeal on January 11, 2019. *Commonwealth v. Raspatello*, 200 A.3d 936 (Pa. 2019).

On March 25, 2019, the trial court held a sentencing hearing, wherein it confirmed that the originally imposed Judgment of Sentence accurately reflected the intended sentencing scheme and that the court had taken into consideration the application of the Deadly Weapon Enhancement. Therefore, the court imposed the same aggregate sentence of 15 to 35 years of incarceration. On April 3, 2019, Appellant filed a post-sentence motion seeking reconsideration of the amount of restitution. With leave of court, Appellant filed an amended post-sentence motion on June 17, 2019, seeking reconsideration of his sentence. A hearing was held on August 13, 2019. On August 30, 2019, the trial court granted in part and denied in part Appellant's

J-S03043-21

motion for reconsideration of the restitution and denied his motion for reconsideration of his sentence. Appellant did not file a notice of appeal to this Court.

On September 11, 2019, Appellant *pro se* filed a timely first PCRA Petition. The PCRA court appointed new counsel to represent Appellant in his PCRA proceedings. On December 23, 2019, PCRA counsel filed an Amended Petition, raising two claims: (1) trial counsel, Attorney Joseph Ryan, rendered ineffective assistance by sending another attorney from his office, Attorney Jendi Schwab, to conduct jury selection; and (2) Attorney Schwab rendered ineffective assistance by continuing to represent Appellant after he requested that she not and by failing to advise the trial court that Appellant wanted to retain private counsel. Amended PCRA Petition, 12/23/2019.[2] The PCRA court held an evidentiary hearing, during which the court heard testimony from Attorney Ryan, Attorney Schwab, and Appellant. On April 20, 2020, the PCRA court denied Appellant's PCRA Petition.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant raises one issue.

I.    Whether it violates a defendant's constitutional right to effective counsel to have his court appointed attorney assign another attorney (with no prior experience with jury

---

[2] Appellant filed a *pro se* Addendum to the Amended PCRA Petition, raising two additional claims. The PCRA court accepted the Addendum, ultimately concluding that Appellant failed to prove either claim. **See** Addendum to Amended PCRA Petition, 1/21/2020; PCRA Court Order, 1/23/2020; PCRA Court Opinion, 4/20/2020, at 2. Appellant does not argue on appeal that the PCRA court erred in dismissing these claims.

- 4 -

selection) to conduct jury selection over the defendant's objection?

Appellant's Br. at 7 (unnecessary capitalization and PCRA court's answer omitted).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016) (citing ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." ***Id.*** (citation omitted).

In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999). In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the

- 5 -

ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009). Finally, it is well-settled that "the right to appointed counsel does not include the right to counsel of the defendant's choice." ***Commonwealth v. Albrecht***, 720 A.3d 693, 709 (Pa. 1998) (citation omitted).

Appellant argues that "if a defendant's appointed attorney chooses to replace himself for the jury selection portion of a trial with another attorney that has no experience selecting a jury, this should be viewed as not providing effective counsel for the defendant." Appellant's Br. at 13.

At the PCRA hearing, Appellant and his attorneys gave conflicting statements regarding whether Appellant objected to Attorney Schwab's representation and voiced his desire to retain private counsel or represent himself. Appellant testified that he told both attorneys that he wanted either to represent himself or retain private counsel instead of having Attorney Schwab represent him at jury selection. N.T., 2/5/2020, at 16-19. On the other hand, while Attorneys Ryan and Schwab acknowledged that Appellant expressed his displeasure multiple times at having Attorney Schwab represent him at jury selection instead of Attorney Ryan, they both testified that Appellant never asked to retain private counsel or represent himself. ***Id.*** at 5–6, 8, 11. The PCRA court credited the testimony of Attorneys Ryan and Schwab over that of Appellant.

> [A]ll [Appellant] has shown is that he expressed his general displeasure at having an attorney other than the one with whom

- 6 -

he was familiar handle jury selection, as the [PCRA c]ourt does not believe that he voiced anything more than vague disgruntlement to either attorney. More specifically, it does not believe that he articulated to Attorney Ryan that he did not want Attorney Schwab handling jury selection or to Attorney Schwab that he wanted to continue his case or represent himself. Nor does it believe that [Appellant] ever mentioned retaining private counsel after learning that Attorney Ryan would be unavailable for jury selection, that Attorney Schwab refused to ask the prospective jurors the only question he proposed she ask them, or that either attorney treated him as dismissively as he indicated. In short, the [PCRA c]ourt finds Attorneys Ryan and Schwab to be credible, while [Appellant's] testimony strikes it as fanciful fabrication.

PCRA Court Opinion, 4/20/2020, at 1–2.

Additionally, the PCRA court found Appellant failed to establish that Attorney Ryan had any specialized training or knowledge in selecting a non-capital jury. Although it was Attorney Schwab's first jury selection, the court found Appellant failed to establish that Attorney Ryan was better equipped to select a jury that would have acquitted him where "the credible evidence was that [Appellant] sat by silently as Attorney Schwab tried repeatedly to engage him in the [jury selection] process." *Id.* at 2. Thus, the PCRA court concluded that Appellant also failed to establish the prejudice prong.

As there is support for the PCRA court's findings in the record, we are bound by the PCRA court's credibility determinations. *Anderson*, 995 A.2d at 1189. The PCRA court's conclusions are free from legal error. Appellant is, therefore, not entitled to relief.

Having concluded that Appellant is not entitled to relief on his claim, we affirm the PCRA court's Order denying his PCRA Petition.

- 7 -

Order affirmed.

Judge Murray joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2021