J-S25027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAMON ROBERT MURPHY | : | |
| Appellant | : | No. 3244 EDA 2024 |

Appeal from the PCRA Order Entered November 19, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007064-2018

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 23, 2025**

Appellant, Damon Robert Murphy, appeals from the November 19, 2024 order entered in the Montgomery County Court of Common Pleas denying without a hearing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. He purports to raise layered claims of ineffective assistance of counsel. After careful review, we affirm.

The factual and procedural history is as follows. On April 30, 2018, Appellant and three co-conspirators robbed a used car dealership. During the robbery, Appellant pointed a semi-automatic handgun at the owner ("Victim") and took $70,000 from the premises as well as Victim's phone and wallet. On July 18, 2018, Appellant and four co-conspirators again robbed the same dealership. Three of Appellant's co-conspirators entered the dealership while Appellant remained seated in a vehicle in the parking lot across the street. After taking cash, car titles, and the Victim's phone, Appellant's co-

conspirators led the Victim outside at gunpoint. Appellant drove to the front of the dealership and one of his co-conspirators attempted to force the Victim into the vehicle, striking him in the back of the head with a firearm. Appellant exited the vehicle and assisted in attempting to force the Victim inside. The Victim eventually escaped, and Appellant and his co-conspirators fled the scene. Authorities later identified Appellant as one of the individuals involved in the robberies and arrested him. On September 17, 2019, Appellant entered an open guilty plea to numerous offenses, including three counts of Corrupt Organizations, two counts of Conspiracy (Robbery), and one count of Attempted Kidnapping. On February 7, 2020, during Appellant's sentencing hearing, he made an oral motion to withdraw his guilty plea which the court denied. The court subsequently imposed an aggregate sentence of 28 to 56 years of incarceration. The court applied a deadly weapons enhancement to certain charges related to both the April 2018 and July 2018 robberies.

Appellant timely filed a post-sentence motion requesting reconsideration of his sentence, which the court denied. Appellant then filed a direct appeal to this Court asserting that the trial court should have permitted Appellant to withdraw his plea and challenging his sentence as manifestly excessive. This Court affirmed Appellant's judgment of sentence on October 13, 2021. ***Commonwealth v. Murphy***, 266 A.3d 632 (Pa. Super. 2021) (non-precedential decision).

On October 12, 2022, Appellant filed a timely *pro se* PCRA petition and subsequently retained private PCRA counsel. Counsel filed an amended

- 2 -

petition on May 17, 2023, challenging the stewardship of all prior counsel.[1]

On September 12, 2024, the court issued a Pa.R.Crim.P. 907 notice of intent

to dismiss the petition without a hearing. On the same day, Appellant

informed the court that he would not be filing objections to the notice. On

November 19, 2024, the court dismissed Appellant's amended PCRA petition

without a hearing.

This timely appeal follows. Both Appellant and the trial court complied

with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> 1. Did the PCRA court err in summarily dismissing the claim
> that [Appellant]'s judgment of sentence is unlawful because
> he never pleaded guilty to any crime, and were all prior
> counsel ineffective for failing to identify the underlying
> error?
>
> 2. Did the PCRA court err in summarily dismissing the claim
> that [Appellant]'s judgment of sentence must be reversed
> because the plea colloquy was defective in several material
> respects, and were all prior counsel ineffective for failing to
> identify the underlying error?
>
> 3. Did the PCRA court err in summarily dismissing the claim
> that evidence was insufficient as a matter of law to sustain
> the three convictions for corrupt organizations because the
> Commonwealth failed to present any evidence [] that the
> purported "enterprise" or "organization" had an existence
> (1) separate and apart from a garden-variety [C]onspiracy
> to [C]ommit [R]obbery or (2) beyond that which is
> necessary to commit each of the acts charged as predicate

---

[1] Throughout his brief, Appellant identifies "all prior counsel" as trial counsel, David Lehman, Esq., counsel on post-trial motions, Michael Quinn, Esq., and direct appeal counsel, Robert Gamburg, Esq. and Daniel Auerbach, Esq.

offenses, and were all prior counsel ineffective for failing to identify the underlying error?

4. Did the PCRA court err in summarily dismissing the claim that there was insufficient evidence to sustain the convictions for three counts of [C]orrupt [O]rganizations because there was at most only one [C]orrupt [O]rganization, and were all prior counsel ineffective for failing to identify the underlying error?

5. Did the PCRA court err in summarily dismissing the claim that [Appellant]'s separate convictions and consecutive sentences for both [A]ttempted [K]idnapping and [C]onspiracy to [C]ommit [R]obbery regarding the July 2018 incident cannot stand because both are inchoate offenses designed to commit or culminate in the commission of the same crime, and were all prior counsel ineffective for failing to identify the underlying error?

6. Did the PCRA court err in summarily dismissing the claim that the sentencing court erred in applying the deadly weapon enhancement to several different charges regarding the [July 2018] incident when there was no evidence that [Appellant] possessed or used a gun, and were all prior counsel ineffective for failing to identify the underlying error?

Appellant's Br. at 3-4 (reordered for ease of review).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super.

2008). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffective assistance of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.* Thus, an appellant must address each prong of the test to obtain relief based on an ineffective

assistance of counsel claim. ***Commonwealth v. Moore***, 860 A.2d 88, 94 (Pa. 2004).

Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." ***Fears***, 86 A.3d at 804. Additionally, when alleging multiple layers of ineffective assistance of counsel, a petitioner must "plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." ***Commonwealth v. Parrish***, 273 A.3d 989, 1003 n.11 (Pa. 2022). Accordingly, if the first attorney that the petitioner asserts was ineffective did, in fact, render ineffective assistance of counsel, only then will subsequent counsel be deemed ineffective for failing to raise the underlying issue. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa. Super. 2010).

Most relevant here, mere boilerplate allegations of ineffectiveness tacked on to discussion of substantive claims of trial court error do not satisfy the three-pronged test set forth in ***Fulton*** so as to obtain relief on an ineffective assistance of counsel claim. ***See Commonwealth v. Lambert***, 797 A.2d 232, 243-45 (Pa. 2001). Moreover, our rules of appellate procedure contain briefing requirements which aid our review of issues raised on appeal. Specifically, Appellant's brief must support claims with pertinent discussion, references to the record, and citations to legal authorities. Pa.R.A.P. 2119(a)-(c).

Based on our review of Appellant's brief, we conclude that although Appellant has extensively discussed the merits of each of his claims with

respect to trial court error, he has failed to develop any argument to support his ineffectiveness claims. Instead, after discussing his underlying claims, Appellant summarily tacks on a paragraph stating that all prior counsel were ineffective for failing to raise and/or litigate these underlying claims. Appellant's Br. at 16, 22, 28-29, 33, 35, 41. He does not assert with any specificity why counsel's strategy was unreasonable or how the outcome of the proceeding would have been different but for counsel's error. Additionally, Appellant does not provide citations to the record or to relevant case law as required by our briefing rules. Because Appellant fails to provide a sufficiently developed argument to support his ineffectiveness claim, we conclude Appellant waived his challenge to the stewardship of counsel.

Moreover, the trial court has provided a comprehensive, well-reasoned opinion, with references to the record and thorough discussion of relevant case law, finding each of Appellant's claims meritless. *See* PCRA Ct. Op., 3/28/25, at 5-26. We, thus, conclude the court properly exercised its discretion in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/23/2025